MAYER, BROWN, ROWE & MAW LLP
MICHAEL A. MOLANO (SBN 171057)
  *mmolano@mayerbrownrowe.com*
SHIRISH GUPTA (SBN 205584)
  *sgupta@mayerbrownrowe.com*
JOSHUA M. MASUR (SBN 203510)
  *jmasur@mayerbrownrowe.com*
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, Califonia 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| INTELLIGRAPHICS, INC., | Case No. C-07-2499 JCS |
| *Plaintiff and Counterdefendant,* | **ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |
| *v.* | **DEMAND FOR JURY TRIAL** |
| MARVELL SEMICONDUCTOR, INC., | **PUBLIC VERSION** |
| *Defendant and Counterclaimant.* | |

Defendant and Counterclaimant MARVELL SEMICONDUCTOR, INC. ("Marvell" or "Defendant") hereby answers the First Amended Complaint ("Complaint") served on June 19, 2007 by, and counterclaims against, Plaintiff and Counterdefendant INTELLIGRAPHICS, INC. ("Intelligraphics" or "Plaintiff"), as follows:

### THE PARTIES

1.      Marvell admits that the publicly-accessible database maintained by the Secretary of State of the State of Texas identifies Intelligraphics as a Texas corporation and identifies 1401

North Central Expressway, Suite 320, Richardson, Texas 75080 as the addresses of listed principals. Except as expressly admitted, Marvell lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.    Marvell admits the allegations of Paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.    Marvell admits that, based on the allegations contained in Paragraph 3 of the Complaint, this Court has subject matter jurisdiction, but denies the substance of those allegations.

4.    Marvell admits that, based on the allegations contained in Paragraph 4 of the Complaint, venue is proper in this District, but denies the substance of those allegations. Marvell notes that the Complaint omits the "Intradistrict Assignment" paragraph required by Civ. L.R. 3-5(b).

**NATURE OF THE CASE**

5.    Marvell admits that it is a global semiconductor provider of high-performance analog, mixed-signal, digital signal processing and embedded microprocessor integrated circuits. Marvell admits that in 2003, the parties entered a confidential Software Development and Licensing Agreement ("SDLA"), a true and correct copy of which is attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein, under which Intelligraphics was to develop certain device driver software for use with one or more Marvell 802.11 wireless networking products. Except as expressly admitted, Marvell denies the allegations of Paragraph 5 of the Complaint.

6.    Marvell admits that Intelligraphics describes itself as set forth in the first sentence of Paragraph 6 of the Complaint. Marvell lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 6 of the Complaint.

7.    Marvell admits that in 2003, the parties entered into the SDLA, a true and correct

-2-

copy of which is attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein.  Except as expressly admitted, Marvell denies the allegations of Paragraph 7 of the Complaint.

8.     Marvell incorporates by reference as though fully set forth herein the terms of the SDLA attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein.  Except as expressly admitted, Marvell denies the allegations of Paragraph 8 of the Complaint.

9.     Marvell incorporates by reference as though fully set forth herein the terms of the SDLA attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein.  Except as expressly admitted, Marvell denies the allegations of Paragraph 9 of the Complaint.

10.     Marvell admits the allegations of Paragraph 10 of the Complaint.

11.     Marvell admits that on or about June 1, 2006, the parties entered into Amendment 3 to the SDLA, a true and correct copy of which is attached as Exhibit B hereto and filed under seal and incorporated by reference as though fully set forth herein.  Marvell admits that Paragraph 8 of Attachment 1 to Amendment 3 provides for compensation to Intelligraphics on a "time and materials" basis at a rate of $135 per developer hour, subject to a cumulative cap of $250,000, which cap could be exceeded only if "agreed upon by the parties in writing."  Except as expressly admitted, Marvell denies the allegations of Paragraph 11 of the Complaint, and specifically denies that any Scope of Work attachments prior to Amendment 3 provided for compensation on a "time and materials" basis.

12.     Marvell currently lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the "Soft AP-Security Project" was performed on a time-and-materials basis without any Amendment to the SDLA.  Marvell admits that in 2004, the parties entered into Amendment 1 to the SDLA, a true and correct copy of which is attached as Exhibit C hereto and filed under seal and incorporated by reference as though fully set forth herein.  Except as expressly admitted, Marvell denies the allegations of Paragraph 12 of the Complaint.

13.     Marvell admits that in or about the Spring of 2006, the parties began discussions

-3-

1   regarding the Vista Project and the CCX Project.  Except as expressly admitted, Marvell denies

2   the allegations of Paragraph 13 of the Complaint.

3        14.    Marvell admits that on or about July 24, 2003, the parties entered into

4   Amendment 3 to the SDLA, a true and correct copy of which is attached as Exhibit B hereto and

5   filed under seal and incorporated by reference as though fully set forth herein; admits that the

6   quoted language appears in Amendment 3 of the SDLA; and otherwise admits the allegations of

7   Paragraph 14 of the Complaint.

8        15.    Marvell admits that the quoted language appears in Amendment 3 to the SDLA, a

9   true and correct copy of which is attached as Exhibit B hereto and filed under seal and

10  incorporated by reference as though fully set forth herein, and otherwise admits the allegations of

11  Paragraph 15 of the Complaint.

12       16.    Marvell denies the allegations of Paragraph 16 of the Complaint.

13       17.    Marvell admits that it terminated Intelligraphics' work on the Vista Project during

14  the summer of 2006.  Except as expressly admitted, Marvell denies the allegations of Paragraph

15  17 of the Complaint.

16       18.    Marvell admits that it requested that Intelligraphics commence work on the

17  Roaming portion of the CCX Project in July 2006.  Except as expressly admitted, Marvell denies

18  the allegations of Paragraph 18 of the Complaint, and specifically denies that it ever requested

19  that Intelligraphics work on any "third new project, the Advanced Roaming Project" that was

20  distinct from the CCX Project.

21       19.    Marvell admits that it created specific specifications for the Roaming portion of

22  the CCX Project.  Except as expressly admitted, Marvell denies the allegations of Paragraph 19

23  of the Complaint.

24       20.    Marvell admits that billing on the Vista Project and the Roaming portion of the

25  CCX Project started in or about June 2006, and that Marvell issued purchase orders prior to

26  payment of invoices.  Marvell admits that it issued three Purchase Orders – one for $50,000 and

27  two for $100,000 – for the CCX Project, including Roaming, beginning in May 2006, and

28  delivered those Purchase Orders to Steve Dearden, Scott Lawson, and/or Mike Warren of

-4-

Intelligraphics.  Marvell admits that Intelligraphics executed Amendment 3 on or about August

3, 2006.  Marvell admits that by August 2006, Intelligraphics had begun work on the CCX

Project, including Roaming.  Except as expressly admitted, Marvell denies the allegations of

Paragraph 20 of the Complaint.

21.    Marvell denies the allegations of Paragraph 21 of the Complaint.

22.    Marvell denies the allegations of Paragraph 22 of the Complaint.

23.    Marvell admits the allegations of Paragraph 23 of the Complaint.

24.    Marvell admits that an unsigned Amendment 4 was exchanged between the

parties but not signed.  A true and correct copy of unsigned Amendment 4, as exchanged

between the parties on or about April 10, 2007, is attached as Exhibit D and filed under seal and

incorporated by reference as though fully set forth herein.  Marvell notes that Intelligraphics'

assertion in Paragraph 24 that "[n]o contractual addenda or amendments were executed for the

Motorola Project" directly contradicts Intelligraphics' assertion in Paragraph 33 of the Complaint

that the parties "entered an agreement for INTELLIGRAPHICS to develop and deliver … the

Motorola project software."  Except as expressly admitted, Marvell denies the allegations of

Paragraph 24 of the Complaint.

25.    Marvell admits that Intelligraphics informed Marvell that it would not complete

work on the Motorola Project for $100,000.  Marvell admits that it advised Intelligraphics that it

would agree to execute an appropriate amendment to the SDLA that would permit Intelligraphics

to exceed $100,000 for work on the Motorola Project.  Marvell lacks sufficient knowledge or

information to form a belief as to the truth of the allegations set forth in the third sentence of

Paragraph 25 of the Complaint.  Marvell admits that Intelligraphics continued to perform work

on the Motorola Project; however, although Marvell eventually issued purchase orders totaling

approximately $122,273.98, Intelligraphics only invoiced Marvell for a total of approximately

$100,000.  Except as expressly admitted, Marvell denies the allegations of Paragraph 25 of the

Complaint, and specifically denies that it "has refused to pay anything beyond the $100,000."

26.    Marvell admits that Intelligraphics billed Marvell for its purported work on the

Vista and CCX Projects, including Roaming, performed under Amendment 3, and that it did so

ANSWER AND COUNTERCLAIMS – PUBLIC VERSION
CASE NO. C-07-2499 JCS

1    without distinguishing between Roaming and other portions of CCX.  Marvell admits that

2    Intelligraphics advised Marvell that it would not complete the work required by Amendment 3

3    within the $250,000 cap.  Marvell lacks sufficient knowledge or information to form a belief as

4    to the purported bases for Intelligraphics' actions.  Except as expressly admitted, Marvell denies

5    the allegations of Paragraph 26 of the Complaint.

6         27.    Marvell admits that, to date, it has paid approximately $201,555.88 for the work

7    purportedly performed by Intelligraphics pursuant to Amendment 3.  Marvell admits that it

8    contends, and Intelligraphics disputes, that the Roaming work is part of the CCX Project, and is

9    covered by Amendment 3.  Marvell admits that Intelligraphics "has refused to continue work on

10    the remaining portion of the CCX project."  Except as expressly admitted, Marvell denies the

11    allegations of Paragraph 27 of the Complaint.

12         28.    Marvell denies the allegations of Paragraph 28 of the Complaint, and specifically

13    denies that Intelligraphics ever issued any "Advanced Roaming invoices" separately from

14    invoices for other work performed under Amendment 3 to the SDLA.

15         29.    Marvell admits that, although it has issued purchase orders for all amounts

16    Intelligraphics has billed for the Motorola Project, Intelligraphics has only invoiced Marvell for a

17    total of approximately $100,000; moreover, although the final check for the Motorola Project,

18    totaling approximately $22,273.98, has not yet been sent to Intelligraphics, Marvell's final

19    Purchase Order, issued on or about June 14, 2007, for the remaining $22,273.98, was expressly

20    rejected by Intelligraphics.  Except as expressly admitted, Marvell denies the allegations of

21    Paragraph 29 of the Complaint.

22         30.    Marvell admits that the Copyright Office database discloses that Intelligraphics

23    received Registration TXu-1-346-073 on March 21, 2007, but includes no record for TXu-1-347-

24    641.  Marvell lacks sufficient knowledge or information to form a belief as to the truth of the

25    allegation that Intelligraphics "has complied in all respects with the Copyright Act, 17 U.S.C.

26    §§ 101 et seq."  Marvell is informed and believes and based thereupon alleges that the material

27    for which Intelligraphics has registered copyright cannot, by definition, be "all original work of

28    Intelligraphics" for purposes of the Copyright Act, particularly in light of the fact that

1   Intelligraphics expressly admits in Paragraphs 23 and 30 of the Complaint that at least "the

2   Motorola Project VRTX Ported 802.11 Driver code" was ported from Marvell's software – that

3   is, that such software was merely "re-writ[ten] MARVELL 802.11 Windows-based software."

4   Except as expressly admitted, Marvell denies the allegations of Paragraph 30 of the Complaint.

5       31.     Marvell lacks sufficient knowledge or information to form a belief as to the truth

6   of the allegations of Paragraph 31 of the Complaint.

7

8                              **FIRST CAUSE OF ACTION**
                                   **(Breach of Contract)**

9

10      32.     Marvell repeats and incorporates by reference, as though fully set forth herein, its

11  responses to Paragraphs 1 through 31 of the Complaint.

12      33.     Marvell admits that Attachments 1 and 2 to Amendment 3 to the SDLA obliged

13  Intelligraphics to develop and deliver the Vista and CCX Project Software, including the

14  Roaming code, for which Marvell's obligations to pay for work on a time and materials basis

15  were limited by the $250,000 cap of paragraph 8(b) of Attachment 2.  Marvell admits that the

16  parties performed obligations set forth in an unsigned Amendment 4 to the SDLA, a true and

17  correct copy of which is attached hereto as Exhibit D and filed under seal and incorporated by

18  reference as though fully set forth herein, and notes that Intelligraphics' assertion in Paragraph

19  24 that "[n]o contractual addenda or amendments were executed for the Motorola Project"

20  directly contradicts Intelligraphics' assertion in Paragraph 33 of the Complaint that the parties

21  "entered an agreement for INTELLIGRAPHICS to develop and deliver … the Motorola project

22  software."  Except as expressly admitted, Marvell denies the allegations of Paragraph 33 of the

23  Complaint.

24      34.     Marvell denies the allegations of Paragraph 34 of the Complaint.

25      35.     Marvell denies the allegations of Paragraph 35 of the Complaint.

26      36.     Marvell denies the allegations of Paragraph 36 of the Complaint.

27

28

**SECOND CAUSE OF ACTION**
**(Breach of Implied Contract)**

37.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 36 of the Complaint.

38.    Marvell denies the allegations of Paragraph 38 of the Complaint.

39.    Marvell denies the allegations of Paragraph 39 of the Complaint.

40.    Marvell denies the allegations of Paragraph 40 of the Complaint.

41.    Marvell denies the allegations of Paragraph 41 of the Complaint.

42.    Marvell denies the allegations of Paragraph 42 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Fraud In The Inducement)**

43.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 42 of the Complaint.

44.    Marvell denies the allegations of Paragraph 44 of the Complaint.

45.    Marvell denies the allegations of Paragraph 45 of the Complaint.

46.    Marvell denies the allegations of Paragraph 46 of the Complaint.

47.    Marvell admits that, to date, it has paid a total of approximately $201,555.88 to Intelligraphics pursuant to Amendment 3 to the SDLA.  Except as expressly admitted, Marvell denies the allegations of Paragraph 47 of the Complaint.

48.    Marvell denies the allegations of Paragraph 48 of the Complaint.

49.    Marvell denies the allegations of Paragraph 49 of the Complaint.

50.    Marvell denies the allegations of Paragraph 50 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Fraud)**

51.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 50 of the Complaint.

52.    Marvell denies the allegations of Paragraph 52 of the Complaint.

1    53.    Marvell denies the allegations of Paragraph 53 of the Complaint.

2    54.    Marvell lacks sufficient knowledge or information to form a belief as to the truth

3    of the conditions under which Intelligraphics would have intentionally breached any express or

4    implied contract between the parties.  Except as expressly admitted, Marvell denies the

5    allegations of Paragraph 54 of the Complaint.

6    55.    Marvell denies the allegations of Paragraph 55 of the Complaint.

7    56.    Marvell denies the allegations of Paragraph 56 of the Complaint.

8    57.    Marvell denies the allegations of Paragraph 57 of the Complaint.

9    58.    Marvell denies the allegations of Paragraph 58 of the Complaint.

10
11
### FIFTH CAUSE OF ACTION
**(Declaratory Relief – Equitable Estoppel)**

12
13    59.    Marvell repeats and incorporates by reference, as though fully set forth herein, its

14    responses to Paragraphs 1 through 58 of the Complaint.

15    60.    Marvell denies the allegations of Paragraph 60 of the Complaint.

16    61.    Marvell lacks sufficient knowledge or information to form a belief as to

17    Intelligraphics' purported knowledge.  Except as expressly admitted, Marvell denies the

18    allegations of Paragraph 61 of the Complaint.

19    62.    Marvell admits that at all relevant times, it intended that Intelligraphics would

20    perform, rather than breach, any and all contracts, express or implied, between the parties.

21    Except as expressly admitted, Marvell denies the allegations of Paragraph 62 of the Complaint.

22    63.    Marvell lacks sufficient knowledge or information to form a belief as to the truth

23    of the allegation that Intelligraphics relied on any purported representation, although Marvell

24    denies that any purported representation was made, or that if it was, that any such reliance might

25    be reasonable.  Except as expressly admitted, Marvell denies the allegations of Paragraph 63 of

26    the Complaint.

27    64.    Marvell is informed and believes that Paragraph 64 accurately sets forth

28    Intelligraphics' contentions.  Except as expressly admitted, Marvell denies the allegations of

Paragraph 64 of the Complaint.

      65.    Marvell denies the allegations of Paragraph 65 of the Complaint.

      66.    Marvell denies the allegations of Paragraph 66 of the Complaint.

### SIXTH CAUSE OF ACTION
**(Copyright Infringement under 17 U.S.C. §§ 101 et. seq.)**

      67.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 66 of the Complaint.

      68.    Marvell denies the allegations of Paragraph 68 of the Complaint.

      69.    Marvell denies the allegations of Paragraph 69 of the Complaint.

      70.    Marvell denies the allegations of Paragraph 70 of the Complaint.

      71.    Marvell denies the allegations of Paragraph 71 of the Complaint.

### SEVENTH CAUSE OF ACTION
**(Quantum Meruit)**

      72.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 71 of the Complaint.

      73.    Marvell admits that Intelligraphics performed work for Marvell, for which Marvell expected to pay, and has paid.  Except as expressly admitted, Marvell denies the allegations of Paragraph 73 of the Complaint.

### SEPARATE DEFENSES

As separate and distinct defenses to the Complaint, and to each and every purported claim thereof, Marvell alleges:

### *First Separate Defense*

The Complaint, and each and every purported claim for relief thereof, fails to state a claim for relief against Marvell.

*Second Separate Defense*

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.

*Third Separate Defense*

Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims are barred in whole or in part because of the doctrines of acquiescence, laches, estoppel, waiver, and/or unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

*Fourth Separate Defense*

Plaintiff's claims are barred in whole or in part because even if Plaintiff suffered any damages, which Marvell denies, such damages are limited by the limitation-of-liability clause or clauses of the contract or contracts between Plaintiff and Marvell.

*Fifth Separate Defense*

Plaintiff's claims are barred in whole or in part because there is no direct and proximate causal connection between any claims of harm or injury to Plaintiff and any acts alleged to have been committed by Marvell.

*Sixth Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because it has not suffered any irreparable injury.

*Seventh Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because it has an adequate remedy at law.

*Eighth Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because the hardship that would be imposed on Marvell by the requested relief is greatly disproportionate to any hardship that Plaintiff might suffer in its absence.

***Ninth Separate Defense***

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because the public interest would be disserved by an injunction.

***Tenth Separate Defense***

Plaintiff's contractual claims are barred in whole or in part by the parol evidence rule.

***Eleventh Separate Defense***

Plaintiff's contractual claims are barred in whole or in part by California Civil Code § 1485.

***Twelfth Separate Defense***

Plaintiff's contractual claims are barred in whole or in part by applicable statutes of frauds.

***Thirteenth Separate Defense***

Plaintiff's contractual claims are barred in whole or in part by California Civil Code § 1698.

***Fourteenth Separate Defense***

Plaintiff's contractual claims are barred in whole or in part by a valid and enforceable integration clause.

***Fifteenth Separate Defense***

Plaintiff's claims are barred in whole or in part because Plaintiff failed to rescind any agreement between the parties.

***Sixteenth Separate Defense***

Marvell is informed and believes, and based thereon alleges, that Plaintiff's claims are barred in whole or in part because Plaintiff committed fraud in the inducement to execute Amendment 3 to the SDLA, based on *inter alia*, Plaintiff's admissions in Paragraph 16 of the Complaint that "at all times, [it] understood … that it would be impossible for INTELLIGRAPHICS to complete all of the  work listed in the specifications for these three projects for anywhere near $250,000," for which amount Plaintiff was obligated to perform.

-12-

1

*Seventeenth Separate Defense*

2

Plaintiff's contractual claims are barred in whole or in part by failure of consideration.

3

*Eighteenth Separate Defense*

4　　Plaintiff's claims are barred in whole or in part because even if Plaintiff might be found

5 to be entitled to any recovery under any contract or quasi-contract theory, which Marvell denies,

6 any such recovery is limited or eliminated by the costs avoided by Plaintiff.

7

*Nineteenth Separate Defense*

8　　Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims are

9 barred in whole or in part because any acts or omissions of which Plaintiff complains were

10 licensed by or otherwise performed with the permission and consent of Plaintiff.

11

*Twentieth Separate Defense*

12　　Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims, and in

13 particular the purported claim for copyright infringement, are barred in whole or in part because

14 one or more of the copyrights that Plaintiff asserts in this action is or are invalid and/or

15 unenforceable.

16

*Twenty-first Separate Defense*

17　　Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims, and in

18 particular the purported claim for copyright infringement, are barred in whole or in part because

19 Plaintiff engaged in fraud on the Copyright Office in that in or about March 2007, Plaintiff

20 intentionally made the false representation in one or more applications for copyright registration

21 that it authored the subject work or works, and its misrepresentation was material in that in its

22 absence registration would not have issued.

23

*Twenty-second Separate Defense*

24　　Plaintiff's claims are barred in whole or in part because Marvell's alleged conduct

25 constitutes fair use.

26

*Twenty-third Separate Defense*

27　　Plaintiff's claims are barred in whole or in part because even if Marvell might be found to

28

1    have infringed any valid copyright, which Marvell denies, any such infringement was *de*

2    *minimus*.

3

4                                    **COUNTERCLAIMS**

5        74.    Marvell repeats and incorporates by reference, as though fully set forth herein,

6    Paragraphs 1 through 73 above.  Marvell specifically incorporates by reference its admissions

7    and denials regarding the Parties, as set forth in Paragraphs 1 and 2 herein.

8

9                                      **JURISDICTION**

10       75.    Marvell asserts its Counterclaims pursuant to Rule 13 of the Federal Rules of Civil

11   Procedure.  This Court has subject matter jurisdiction over all Counterclaims herein pursuant to

12   28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction, as well as pursuant to 28

13   U.S.C. § 1332(a), in that the matter in controversy exceeds the sum or value of $75,000

14   exclusive of interest and costs and is between citizens of different States.

15

16                                 **STATEMENT OF FACTS**

17                                       *Background*

         76.    Marvell is a wholly-owned subsidiary of a Bermuda corporation, Marvell

18   Technology Group Limited, a leading, global semiconductor provider of high-performance

19   integrated circuits.  Certain products made and sold by Marvell include semiconductor "chipsets"

20   that enable electronic devices having the Marvell chipsets to transmit and receive (*i.e.* transceive)

21   electronic data wirelessly.  For example, a computer laptop may contain a Marvell chipset that

22   enables the laptop computer to act as a transceiver with another device, such as a wireless

23   Internet router, to connect the computer laptop to the Internet wirelessly using the wireless router

24   in this example.  In order for Marvell to develop chipsets that are able to communicate with

25   specific devices, certain software code must be written to allow communication between the

26   Marvell chipset and the specific devices of different manufacturers.  The software code that is

27   written is known as "driver" software since it "drives" or directs specific devices made by

28

1    different manufacturers to work with the Marvell chipsets.

2        77.    Marvell, at times, engages third-party vendors to write the driver software code

3    for specific devices of manufacturers that the Marvell chipsets will communicate with.  The

4    Defendant, Intelligraphics, is one such vendor that Marvell contracted to develop driver software

5    code.

6                    ***The July 24, 2003 SDLA & The June 1, 2006 Amendment***

7        78.    On July 24, 2003, Marvell and Intelligraphics entered into an SDLA (the

8    "SDLA") where Intelligraphics agreed, *inter alia*, to develop driver software (called Custom

9    Software in the SDLA) that conforms to a specification published by Cisco Systems, Inc.

10   ("Cisco") known as Cisco Compatible Extensions ("CCX Code").  CCX is a Cisco specification

11   for manufacturers of wireless chipsets, like Marvell, to ensure compliance with Cisco's

12   proprietary wireless protocols in Cisco devices.

13       79.    ███████████████████████████████████████████████████

14   ███████████████████████████████████████████████████████████████

15   ███████████████████████████████████████████████████████████████

16   ███████████████████████████████████████████████████████████████

17   ████████████████████████ "Roaming" is a well-known feature in wireless communication that

18   allows connectivity of devices from one "access point" to another "access point" depending on

19   certain factors, for example, distance and strength of signals.  This roaming feature is developed

20   by writing certain software code to perform this roaming function.

21       80.    On June 1, 2006, the parties entered into Amendment 3 to the SDLA, which

22   attaches two Statements Of Work ("SOW's").  The first SOW is for an "Hourly Vista WLAN

23   Driver Development" and is presently not in this dispute.  Rather, the dispute is centered around

24   the second SOW titled "Hourly CCXv4 Funk Supplicant Development."  In the second SOW,

25   ███████████████████████████████████████████████████████████████

26   ████████████████████████████████████████████████ In exchange for

27   developing the CCX code, Marvell agreed to pay a development fee of $135 per hour on a time

28   and materials basis subject to a cumulative cap of $250,000 (the "Payment Cap").  Amendment 3

                                    -15-

explicitly states that "[u]nless otherwise mutually agreed upon by the parties in writing, in no event shall the fees payable … exceed the Payment Cap…."

81.     In awarding the contract to Intelligraphics, Marvell had relied on Intelligraphics' representation that it could complete the work listed in Amendment 3 for no more than $250,000. However, in its Complaint, Intelligraphics states that it "understood … that it would be impossible for INTELLIGRAPHICS to complete all of the work listed in the specifications for these three projects for anywhere near $250,000." Complaint, ¶ 16.

82.     In the year since Amendment 3 was entered into, Marvell has paid over $200,000 in development fees, but Intelligraphics has failed to deliver the CCX code[1] and refuses to perform any more work on the code unless and until Marvell agrees to exceed the Payment Cap.

83.     In order to determine the status of the code development, on February 27, 2007, Marvell ███████████████████████████████ sent two engineers to meet with Intelligraphics' developers.  During the review, it became apparent that Intelligraphics had made little progress on developing the CCX code.  Instead of showing fully-functioning software, all Intelligraphics could show the reviewers was small portions of the source code.  Indeed, the CCX code was so incomplete that the reviewers could not test it to determine if it even functioned.

84.     ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

85.     In addition to failing to deliver the CCX code, Intelligraphics has breached the SDLA in several other ways.

86.     ████████████████████████████████████████████████████████████████████████████████████████████████████████████

_____
[1] In late 2006, Intelligraphics provided a small portion of the CCX code, related to roaming. That code has since been returned to Intelligraphics.

-16-

1

2

3

4    87.    

5

6

7

8

9

10    88.    Under Sections 9.1 and 9.3 of the SDLA, Intelligraphics agreed to keep

11    confidential "the specific terms and conditions and existence of this Agreement."  However, in

12    its publicly filed Complaints, both in this matter and in the prior litigation between the parties in

13    Texas, Intelligraphics openly disclosed the terms and conditions of the SDLA, in direct breach of

14    its duties of confidentiality.

15    89.    

16

17

18

19

20

21    90.

22

23

24

25

26

27    91.    Contrary to the express language of the forum selection clause, Intelligraphics

28    filed, on February 19, 2007, an action for breach of the SDLA in the Texas District Court for

-17-

1    Dallas County, No. DC-07-01487-E.  Upon receiving the Petition, Marvell contacted

2    Intelligraphics and asked that the case be dismissed ███████████████████████

3    ██████████████████████████████████████████████████████████████

4    ████████

5    92.    On March 16, 2007, Marvell removed the Petition to the United States District

6    Court for the Northern District of Texas based on diversity jurisdiction.  Upon removal, Marvell

7    asked Intelligraphics to stipulate to transferring the action to the United States District Court for

8    the Northern District of California ████████████████████████    When

9    Intelligraphics refused, Marvell filed a motion to dismiss or, in the alternative, transfer the action

10   to this court.  On the day that its opposition was due, Intelligraphics dismissed the Texas action

11   and simultaneously filed the present Complaint in this Court on May 9, 2007.

**FIRST COUNTERCLAIM**
**(Breach of Contract)**

93.    Marvell repeats and incorporates by reference, as though fully set forth herein,
Paragraphs 1 through 92 above.

94.    The SDLA and Attachments 1 and 2 to Amendment 3 to the SDLA, true and
correct copies of which are attached hereto as Exhibits A and B and filed under seal and
incorporated by reference as though fully set forth herein, constitute a binding contract between
the parties (the "Agreement"), under which Intelligraphics was obliged to develop and deliver
the Vista and CCX Project Software, including the Roaming code, for which Marvell's
obligations to pay for work on a time and materials basis were limited by the $250,000 cap of
paragraph 8(b) of Attachment 2 to Amendment 3.

95.    Marvell has performed all conditions, covenants, and promises required to be
performed in accordance with the terms and conditions of the Agreement, except as excused by
Intelligraphics, up until the date when its obligation to continue payment was excused by
Intelligraphics' material breaches thereof.

96.    Intelligraphics materially breached the Agreement by, *inter alia*:

-18-

1    • Failing to develop and deliver the Custom Software ███████████████

2    ████████████████

3    • Failing to correct those errors identified ███████████████████████

4    █████████████████████

5    • █████████████████████████████████████████████

6    █████████

7    • Asserting ownership of and registering its purported copyrights in the Custom

8    Software ███████████████████████████;

9    • ████████████████████████████████████████████;

10   • Filing the Complaint, including but not limited to Paragraphs 7 through 27

11   thereof, in the Court's public docket, █████████████████

12   ██████████████████████;

13   • Filing Case No. DC-07-01487-E in state court in Dallas County, Texas,█

14   █████████████████████████████

15   █████████; and

16   • ████████████████████████████████

17   ██████████████████████████████████████

18   ██████████████.

19   97.     As a result of Intelligraphics' breach of the Agreement, Marvell has suffered

20   damages in an amount to be proven at trial.

21

22                              **SECOND COUNTERCLAIM**
                                 **(Fraud In The Inducement)**

23

24   98.     Marvell repeats and incorporates by reference, as though fully set forth herein,

     Paragraphs 1 through 97 above.

25

26   99.     Upon information and belief, Intelligraphics intentionally made its promise to

     complete all the work required under Amendment 3 to the SDLA for $250,000 without any

27

     intention to effect such performance.  In particular, in Paragraph 16 of the Complaint, IGX

28

                                             -19-

admits that "at all times, [it] understood … that it would be impossible for INTELLIGRAPHICS to complete all of the work listed in the specifications for these three projects for anywhere near $250,000."

100.    Marvell reasonably relied on these promises to enter into Amendment 3 and to make payments thereunder.  But for these promises, Marvell would not have entered into Amendment 3 nor commenced or continued making such payments.

101.    Upon information and belief, Intelligraphics' true intention at the time it made the promises and representations in question was to attempt to avoid delivering the Custom Software unless and until Marvell had made payments totaling well in excess of the contractually agreed total of $250,000.

102.    Marvell was damaged by Intelligraphics' fraud in an amount to be proven at trial.

103.    Intelligraphics' conduct was willful, despicable and fraudulent, and punitive damages should be awarded to Marvell.

### THIRD COUNTERCLAIM
### (Rescission under California Civil Code § 1689)

104.    Marvell repeats and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 103 above.

105.    Upon information and belief, Intelligraphics intentionally made its promise to complete all the work required under Amendment 3 to the SDLA for $250,000 without any intention to effect such performance.  In particular, in Paragraph 16 of the Complaint, IGX admits that "at all times, [it] understood … that it would be impossible for INTELLIGRAPHICS to complete all of the work listed in the specifications for these three projects for anywhere near $250,000."

106.    Upon information and belief, knowing the representation to be false and with the intent to deceive Marvell and to induce Marvell to enter into Amendment 3 to the SDLA, Intelligraphics falsely and fraudulently represented that it would complete all the work required under Amendment 3 to the SDLA for $250,000.

107.   Intelligraphics' representations were in fact false, as it was unable to complete the work in question for the contracted price.

108.   At the time the representations were made, at the time the parties entered into Amendment 3, and at the time Marvell performed under Amendment 3, Marvell did not know the representations were false, but believed them to be true and reasonably relied on them.  Had Marvell known the true facts, it would not have entered into Amendment 3 and would not have rendered performance thereunder.

109.   Marvell would suffer substantial harm and injury under Amendment 3 to the SDLA if it were not rescinded in that it has paid for Custom Software that does not comply with the requirements of Amendment 3.

110.   Marvell intends service of this Counterclaim to serve as notice of rescission of Amendment 3 to the SDLA.  Marvell already has restored all consideration furnished by Intelligraphics under Amendment 3, and therefore demands that Intelligraphics restore to Marvell the consideration furnished by Marvell under Amendment 3.

111.   In performing the acts herein alleged, Intelligraphics intentionally misrepresented to Marvell material facts known to Intelligraphics, specifically its belief that performance was impossible, with the intention on the part of Intelligraphics of depriving Marvell of its money and property, thereby justifying an award of punitive damages against Intelligraphics.

## PRAYER

WHEREFORE, Marvell prays that this Court enter judgment in its favor on its counterclaims set forth above and award it relief including, but not limited to, the following:

1.   For specific performance of the Agreement, including but not limited to Section 6.1(b) thereof;

2.   For rescission of Amendment 3 to the SDLA;

3.   For restitution of all sums paid by Marvell under Amendment 3 to the SDLA;

4.   For compensatory damages in an amount to be proved at trial;

5.   For punitive damages;

6.    For its reasonable attorney's fees and costs of suit;

7.    For interest on all damages; and

8.    For such other and further relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Defendant and Counterclaimant Marvell Semiconductor, Inc. hereby demands a trial by jury of all claims so triable.


Dated: July 6, 2007                                  Respectfully submitted,

                                                     MAYER, BROWN, ROWE & MAW LLP


                                                     By: _/s/_____
                                                         JOSHUA M. MASUR

                                                     Attorneys for Defendant
                                                     and Counterclaimant
                                                     MARVELL SEMICONDUCTOR, INC.

EXHIBIT A

**Software Development and License Agreement (July 24, 2003)**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**

EXHIBIT B

**Amendment 3 (June 1, 2006) to the Software Development and License Agreement**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**

EXHIBIT C

**Amendment 1 (February 25, 2004) to the Software Development and License Agreement**


**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**



EXHIBIT D

**Draft Amendment 4 (April 10, 2007) to the Software Development and License Agreement**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**