MAYER, BROWN, ROWE & MAW LLP
MICHAEL A. MOLANO (SBN 171057)
  *mmolano@mayerbrownrowe.com*
SHIRISH GUPTA (SBN 205584)
  *sgupta@mayerbrownrowe.com*
JOSHUA M. MASUR (SBN 203510)
  *jmasur@mayerbrownrowe.com*
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, Califonia 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| INTELLIGRAPHICS, INC., | Case No. C-07-2499 JCS |
| *Plaintiff and Counterdefendant,* | **FIRST AMENDED ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT** |
| *v.* | |
| MARVELL SEMICONDUCTOR, INC., | **DEMAND FOR JURY TRIAL** |
| *Defendant and Counterclaimant.* | **PUBLIC VERSION** |

Defendant and Counterclaimant MARVELL SEMICONDUCTOR, INC. ("Marvell" or "Defendant") hereby answers the First Amended Complaint ("Complaint") served on June 19, 2007 by, and counterclaims against, Plaintiff and Counterdefendant INTELLIGRAPHICS, INC. ("Intelligraphics" or "Plaintiff"), as follows:

## THE PARTIES

1.      Marvell admits that the publicly-accessible database maintained by the Secretary of State of the State of Texas identifies Intelligraphics as a Texas corporation and identifies 1401

North Central Expressway, Suite 320, Richardson, Texas 75080 as the addresses of listed principals.  Except as expressly admitted, Marvell lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2.      Marvell admits the allegations of Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.      Marvell admits that, based on the allegations contained in Paragraph 3 of the Complaint, this Court has subject matter jurisdiction, but denies the substance of those allegations.

4.      Marvell admits that, based on the allegations contained in Paragraph 4 of the Complaint, venue is proper in this District, but denies the substance of those allegations.  Marvell notes that the Complaint omits the "Intradistrict Assignment" paragraph required by Civ. L.R. 3-5(b).

## NATURE OF THE CASE

5.      Marvell admits that it is a global semiconductor provider of high-performance analog, mixed-signal, digital signal processing and embedded microprocessor integrated circuits. Marvell admits that in 2003, the parties entered a confidential Software Development and Licensing Agreement ("SDLA"), a true and correct copy of which is attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein, under which Intelligraphics was to develop certain device driver software for use with one or more Marvell 802.11 wireless networking products.  Except as expressly admitted, Marvell denies the allegations of Paragraph 5 of the Complaint.

6.      Marvell admits that Intelligraphics describes itself as set forth in the first sentence of Paragraph 6 of the Complaint.  Marvell lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 6 of the Complaint.

7. Marvell admits that in 2003, the parties entered into the SDLA, a true and correct copy of which is attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein. Except as expressly admitted, Marvell denies the allegations of Paragraph 7 of the Complaint.

8. Marvell incorporates by reference as though fully set forth herein the terms of the SDLA attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein. Except as expressly admitted, Marvell denies the allegations of Paragraph 8 of the Complaint.

9. Marvell incorporates by reference as though fully set forth herein the terms of the SDLA attached hereto as Exhibit A and filed under seal and incorporated by reference as though fully set forth herein. Except as expressly admitted, Marvell denies the allegations of Paragraph 9 of the Complaint.

10. Marvell admits the allegations of Paragraph 10 of the Complaint.

11. Marvell admits that on or about June 1, 2006, the parties entered into Amendment 3 to the SDLA, a true and correct copy of which is attached as Exhibit B hereto and filed under seal and incorporated by reference as though fully set forth herein. Marvell admits that Paragraph 8 of Attachment 1 to Amendment 3 provides for compensation to Intelligraphics on a "time and materials" basis at a rate of $135 per developer hour, subject to a cumulative cap of $250,000, which cap could be exceeded only if "agreed upon by the parties in writing." Except as expressly admitted, Marvell denies the allegations of Paragraph 11 of the Complaint, and specifically denies that any Scope of Work attachments prior to Amendment 3 provided for compensation on a "time and materials" basis.

12. Marvell currently lacks sufficient knowledge or information to form a belief as to the truth of the allegation that the "Soft AP-Security Project" was performed on a time-and-materials basis without any Amendment to the SDLA. Marvell admits that in 2004, the parties entered into Amendment 1 to the SDLA, a true and correct copy of which is attached as Exhibit C hereto and filed under seal and incorporated by reference as though fully set forth herein.

1    Except as expressly admitted, Marvell denies the allegations of Paragraph 12 of the Complaint.

2            13.    Marvell admits that in or about the Spring of 2006, the parties began discussions

3    regarding the Vista Project and the CCX Project.  Except as expressly admitted, Marvell denies

4    the allegations of Paragraph 13 of the Complaint.

5            14.    Marvell admits that on or about June 1, 2006, the parties entered into Amendment

6    3 to the SDLA, a true and correct copy of which is attached as Exhibit B hereto and filed under

7    seal and incorporated by reference as though fully set forth herein; admits that the quoted

8    language appears in Amendment 3 of the SDLA; and otherwise admits the allegations of

9    Paragraph 14 of the Complaint.

10            15.    Marvell admits that the quoted language appears in Amendment 3 to the SDLA, a

11    true and correct copy of which is attached as Exhibit B hereto and filed under seal and

12    incorporated by reference as though fully set forth herein, and otherwise admits the allegations of

13    Paragraph 15 of the Complaint.

14            16.    Marvell denies the allegations of Paragraph 16 of the Complaint.

15            17.    Marvell admits that it terminated Intelligraphics' work on the Vista Project during

16    the summer of 2006.  Except as expressly admitted, Marvell denies the allegations of Paragraph

17    17 of the Complaint.

18            18.    Marvell admits that it requested that Intelligraphics commence work on the

19    Roaming portion of the CCX Project in July 2006.  Except as expressly admitted, Marvell denies

20    the allegations of Paragraph 18 of the Complaint, and specifically denies that it ever requested

21    that Intelligraphics work on any "third new project, the Advanced Roaming Project" that was

22    distinct from the CCX Project.

23            19.    Marvell admits that it created specific specifications for the Roaming portion of

24    the CCX Project.  Marvell lacks sufficient knowledge or information to form a belief as to the

25    truth of the allegation that "at all times … INTELLIGRAPHICS … understood … that it would

26    be impossible for INTELLIGRAPHICS to complete all of the  work listed in the specifications

27    for these three projects for anywhere near $250,000."  Except as expressly admitted, Marvell

28

-4-

1    denies the allegations of Paragraph 19 of the Complaint.

2        20.    Marvell admits that billing on the Vista Project and the Roaming portion of the

3    CCX Project started in or about June 2006, and that Marvell issued purchase orders prior to

4    payment of invoices.  Marvell admits that it issued three Purchase Orders – one for $50,000 and

5    two for $100,000 – for the CCX Project, including Roaming, beginning in May 2006, and

6    delivered those Purchase Orders to Steve Dearden, Scott Lawson, and/or Mike Warren of

7    Intelligraphics.  Marvell admits that Intelligraphics executed Amendment 3 on or about August

8    3, 2006.  Marvell admits that by August 2006, Intelligraphics had begun work on the CCX

9    Project, including Roaming.  Except as expressly admitted, Marvell denies the allegations of

10    Paragraph 20 of the Complaint.

11        21.    Marvell denies the allegations of Paragraph 21 of the Complaint.

12        22.    Marvell denies the allegations of Paragraph 22 of the Complaint.

13        23.    Marvell admits the allegations of Paragraph 23 of the Complaint.

14        24.    Marvell admits that an unsigned Amendment 4 was exchanged between the

15    parties but not signed.  A true and correct copy of unsigned Amendment 4, as exchanged

16    between the parties on or about April 10, 2007, is attached as Exhibit D and filed under seal and

17    incorporated by reference as though fully set forth herein.  Marvell notes that Intelligraphics'

18    assertion in Paragraph 24 that "[n]o contractual addenda or amendments were executed for the

19    Motorola Project" directly contradicts Intelligraphics' assertion in Paragraph 33 of the Complaint

20    that the parties "entered an agreement for INTELLIGRAPHICS to develop and deliver … the

21    Motorola project software."  Except as expressly admitted, Marvell denies the allegations of

22    Paragraph 24 of the Complaint.

23        25.    Marvell admits that Intelligraphics informed Marvell that it would not complete

24    work on the Motorola Project for $100,000.  Marvell admits that it advised Intelligraphics that it

25    would agree to execute an appropriate amendment to the SDLA that would permit Intelligraphics

26    to exceed $100,000 for work on the Motorola Project.  Marvell lacks sufficient knowledge or

27    information to form a belief as to the truth of the allegations set forth in the third sentence of

28

Paragraph 25 of the Complaint.  Marvell admits that Intelligraphics continued to perform work on the Motorola Project; however, although Intelligraphics only invoiced Marvell for a total of approximately $100,000, Marvell eventually issued and delivered to Intelligraphics purchase orders and checks totaling approximately $122,273.98.  Except as expressly admitted, Marvell denies the allegations of Paragraph 25 of the Complaint, and specifically denies that it "has refused to pay anything beyond the $100,000," particularly in light of the fact that Marvell has, in fact, paid Intelligraphics approximately $122,273.98 for work Intelligraphics claimed to have performed on the Motorola Project.

26.     Marvell admits that Intelligraphics billed Marvell for its purported work on the Vista and CCX Projects, including Roaming, performed under Amendment 3, and that it did so without distinguishing between Roaming and other portions of CCX.  Marvell admits that Intelligraphics advised Marvell that it would not complete the work required by Amendment 3 within the $250,000 cap.  Marvell lacks sufficient knowledge or information to form a belief as to the purported bases for Intelligraphics' actions.  Except as expressly admitted, Marvell denies the allegations of Paragraph 26 of the Complaint.

27.     Marvell admits that, to date, it has paid approximately $201,555.88 for the work purportedly performed by Intelligraphics pursuant to Amendment 3.  Marvell admits that it contends, and Intelligraphics disputes, that the Roaming work is part of the CCX Project, and is covered by Amendment 3.  Marvell admits that Intelligraphics "has refused to continue work on the remaining portion of the CCX project."  Except as expressly admitted, Marvell denies the allegations of Paragraph 27 of the Complaint.

28.     Marvell denies the allegations of Paragraph 28 of the Complaint, and specifically denies that Intelligraphics ever issued any "Advanced Roaming invoices" separately from invoices for other work performed under Amendment 3 to the SDLA.

29.     Marvell admits that, although it has issued purchase orders for all amounts Intelligraphics has billed for the Motorola Project, Intelligraphics has only invoiced Marvell for a total of approximately $100,000; moreover, notwithstanding that Marvell's final Purchase Order

1    for the Motorola Project, issued on or about June 14, 2007, for the remaining $22,273.98, was

2    expressly rejected by Intelligraphics, Marvell's final check for $22,273.98 was sent to counsel

3    for Intelligraphics on July 20, 2007.  Except as expressly admitted, Marvell denies the

4    allegations of Paragraph 29 of the Complaint.

5        30.    Marvell admits that the Copyright Office database discloses that Intelligraphics

6    received Registration TXu-1-346-073 on March 21, 2007, and received Registration TXu-1-347-

7    641 on March 16, 2007.  Marvell lacks sufficient knowledge or information to form a belief as to

8    the truth of the allegation that Intelligraphics "has complied in all respects with the Copyright

9    Act, 17 U.S.C. §§ 101 et seq."  Marvell is informed and believes and based thereupon alleges

10   that the material for which Intelligraphics has registered copyright cannot, by definition, be "all

11   original work of Intelligraphics" for purposes of the Copyright Act, particularly in light of the

12   fact that Intelligraphics expressly admits in Paragraphs 23 and 30 of the Complaint that at least

13   "the Motorola Project VRTX Ported 802.11 Driver code" was ported from Marvell's software –

14   that is, that such software was merely "re-writ[ten] MARVELL 802.11 Windows-based

15   software."  Except as expressly admitted, Marvell denies the allegations of Paragraph 30 of the

16   Complaint.

17       31.    Marvell lacks sufficient knowledge or information to form a belief as to the truth

18   of the allegations of Paragraph 31 of the Complaint.

19

20                          **FIRST CAUSE OF ACTION**
                                **(Breach of Contract)**

21

22       32.    Marvell repeats and incorporates by reference, as though fully set forth herein, its

23   responses to Paragraphs 1 through 31 of the Complaint.

24       33.    Marvell admits that Attachments 1 and 2 to Amendment 3 to the SDLA obliged

25   Intelligraphics to develop and deliver the Vista and CCX Project Software, including the

26   Roaming code, for which Marvell's obligations to pay for work on a time and materials basis

27   were limited by the $250,000 cap of paragraph 8(b) of Attachment 2.  Marvell admits that the

28   parties performed obligations set forth in an unsigned Amendment 4 to the SDLA, a true and

-7-

correct copy of which is attached hereto as Exhibit D and filed under seal and incorporated by reference as though fully set forth herein, and notes that Intelligraphics' assertion in Paragraph 24 that "[n]o contractual addenda or amendments were executed for the Motorola Project" directly contradicts Intelligraphics' assertion in Paragraph 33 of the Complaint that the parties "entered an agreement for INTELLIGRAPHICS to develop and deliver … the Motorola project software."  Except as expressly admitted, Marvell denies the allegations of Paragraph 33 of the Complaint.

34.     Marvell denies the allegations of Paragraph 34 of the Complaint.

35.     Marvell denies the allegations of Paragraph 35 of the Complaint.

36.     Marvell denies the allegations of Paragraph 36 of the Complaint.

**SECOND CAUSE OF ACTION**
**(Breach of Implied Contract)**

37.     Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 36 of the Complaint.

38.     Marvell denies the allegations of Paragraph 38 of the Complaint.

39.     Marvell denies the allegations of Paragraph 39 of the Complaint.

40.     Marvell denies the allegations of Paragraph 40 of the Complaint.

41.     Marvell denies the allegations of Paragraph 41 of the Complaint.

42.     Marvell denies the allegations of Paragraph 42 of the Complaint.

**THIRD CAUSE OF ACTION**
**(Fraud In The Inducement)**

43.     Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 42 of the Complaint.

44.     Marvell denies the allegations of Paragraph 44 of the Complaint.

45.     Marvell denies the allegations of Paragraph 45 of the Complaint.

46.     Marvell denies the allegations of Paragraph 46 of the Complaint.

47.     Marvell admits that, to date, it has paid a total of approximately $201,555.88 to Intelligraphics pursuant to Amendment 3 to the SDLA.  Except as expressly admitted, Marvell denies the allegations of Paragraph 47 of the Complaint.

48.     Marvell denies the allegations of Paragraph 48 of the Complaint.

49.     Marvell denies the allegations of Paragraph 49 of the Complaint.

50.     Marvell denies the allegations of Paragraph 50 of the Complaint.

**FOURTH CAUSE OF ACTION**
**(Fraud)**

51.     Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 50 of the Complaint.

52.     Marvell denies the allegations of Paragraph 52 of the Complaint.

53.     Marvell denies the allegations of Paragraph 53 of the Complaint.

54.     Marvell lacks sufficient knowledge or information to form a belief as to the truth of the conditions under which Intelligraphics would have intentionally breached any express or implied contract between the parties.  Except as expressly admitted, Marvell denies the allegations of Paragraph 54 of the Complaint.

55.     Marvell denies the allegations of Paragraph 55 of the Complaint.

56.     Marvell denies the allegations of Paragraph 56 of the Complaint.

57.     Marvell denies the allegations of Paragraph 57 of the Complaint.

58.     Marvell denies the allegations of Paragraph 58 of the Complaint.

**FIFTH CAUSE OF ACTION**
**(Declaratory Relief – Equitable Estoppel)**

59.     Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 58 of the Complaint.

60.     Marvell denies the allegations of Paragraph 60 of the Complaint.

61.     Marvell lacks sufficient knowledge or information to form a belief as to

Intelligraphics' purported knowledge.  Except as expressly admitted, Marvell denies the allegations of Paragraph 61 of the Complaint.

62.    Marvell admits that at all relevant times, it intended that Intelligraphics would perform, rather than breach, any and all contracts, express or implied, between the parties. Except as expressly admitted, Marvell denies the allegations of Paragraph 62 of the Complaint.

63.    Marvell lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Intelligraphics relied on any purported representation, although Marvell denies that any purported representation was made, or that if it was, that any such reliance might be reasonable.  Except as expressly admitted, Marvell denies the allegations of Paragraph 63 of the Complaint.

64.    Marvell is informed and believes that Paragraph 64 accurately sets forth Intelligraphics' contentions.  Except as expressly admitted, Marvell denies the allegations of Paragraph 64 of the Complaint.

65.    Marvell denies the allegations of Paragraph 65 of the Complaint.

66.    Marvell denies the allegations of Paragraph 66 of the Complaint.

**SIXTH CAUSE OF ACTION**
**(Copyright Infringement under 17 U.S.C. §§ 101 et. seq.)**

67.    Marvell repeats and incorporates by reference, as though fully set forth herein, its responses to Paragraphs 1 through 66 of the Complaint.

68.    Marvell denies the allegations of Paragraph 68 of the Complaint.

69.    Marvell denies the allegations of Paragraph 69 of the Complaint.

70.    Marvell denies the allegations of Paragraph 70 of the Complaint.

71.    Marvell denies the allegations of Paragraph 71 of the Complaint.

**SEVENTH CAUSE OF ACTION**
**(Quantum Meruit)**

72.    Marvell repeats and incorporates by reference, as though fully set forth herein, its

-10-

responses to Paragraphs 1 through 71 of the Complaint.

73.    Marvell admits that Intelligraphics performed work for Marvell, for which Marvell expected to pay, and has paid.  Except as expressly admitted, Marvell denies the allegations of Paragraph 73 of the Complaint.

## SEPARATE DEFENSES

As separate and distinct defenses to the Complaint, and to each and every purported claim thereof, Marvell alleges:

### *First Separate Defense*

The Complaint, and each and every purported claim for relief thereof, fails to state a claim for relief against Marvell.

### *Second Separate Defense*

Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing.

### *Third Separate Defense*

Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims are barred in whole or in part because of the doctrines of acquiescence, laches, estoppel, waiver, and/or unclean hands for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### *Fourth Separate Defense*

Plaintiff's claims are barred in whole or in part because even if Plaintiff suffered any damages, which Marvell denies, such damages are limited by the limitation-of-liability clause or clauses of the contract or contracts between Plaintiff and Marvell.

### *Fifth Separate Defense*

Plaintiff's claims are barred in whole or in part because there is no direct and proximate causal connection between any claims of harm or injury to Plaintiff and any acts alleged to have been committed by Marvell.

### *Sixth Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because it has not suffered any irreparable injury.

### *Seventh Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because it has an adequate remedy at law.

### *Eighth Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because the hardship that would be imposed on Marvell by the requested relief is greatly disproportionate to any hardship that Plaintiff might suffer in its absence.

### *Ninth Separate Defense*

Plaintiff's equitable claims are barred in whole or in part because Plaintiff is not entitled to any of the equitable relief requested in the Complaint because the public interest would be disserved by an injunction.

### *Tenth Separate Defense*

Plaintiff's contractual claims are barred in whole or in part by the parol evidence rule.

### *Eleventh Separate Defense*

Plaintiff's contractual claims are barred in whole or in part by applicable statutes of frauds.

### *Twelfth Separate Defense*

Plaintiff's contractual claims are barred in whole or in part by California Civil Code § 1698.

1

### Thirteenth Separate Defense

2   Plaintiff's contractual claims are barred in whole or in part by a valid and enforceable

3 integration clause.

4

### Fourteenth Separate Defense

5   Plaintiff's claims are barred in whole or in part because Plaintiff failed to rescind any

6 agreement between the parties.

7

### Fifteenth Separate Defense

8   Marvell is informed and believes, and based thereon alleges, that Plaintiff's claims are

9 barred in whole or in part because Plaintiff committed fraud in the inducement to execute

10 Amendment 3 to the SDLA, based on *inter alia*, Plaintiff's admissions in Paragraph 19 of the

11 Complaint that "at all times, [it] understood … that it would be impossible for

12 INTELLIGRAPHICS to complete all of the work listed in the specifications … for anywhere

13 near $250,000," for which amount Plaintiff was obligated to perform.

14

### Sixteenth Separate Defense

15   Plaintiff's contractual claims are barred in whole or in part by failure of consideration.

16

### Seventeenth Separate Defense

17   Plaintiff's contractual claims are barred in whole or in part by California Civil Code

18 § 1485.  On or about July 20, 2007, Marvell performed or offered to perform its obligations

19 under Amendment 4 in good faith and unconditionally by tendering to Intelligraphics payment of

20 $22,273.98, which was the full amount due, and demanding that Intelligraphics dismiss all

21 claims and issues related to the Motorola Project because all intellectual property therein

22 automatically transferred to Marvell upon Marvell's performance, but Intelligraphics has failed,

23 and continues to fail, to so perform.

24

### Eighteenth Separate Defense

25   Plaintiff's contractual claims are barred in whole or in part because on or about July 20,

26 2007, Marvell fully extinguished its obligation as to the Motorola Project by tendering to

27 Intelligraphics payment of $22,273.98, which was the full amount due.

28

-13-

1

### Nineteenth Separate Defense

2    Plaintiff's contractual claims are barred in whole or in part because Intelligraphics

3 prevented Marvell from performing its obligation as to the Motorola Project by refusing to

4 accept Marvell's payment of $22,273.98, which was the full amount due.  Marvell has performed

5 all other conditions of Amendment 4.  At all times mentioned, Marvell was and is ready, willing

6 and able to perform the condition, but Intelligraphics has prevented and continues to prevent

7 Marvell's performance.

8

### Twentieth Separate Defense

9    Plaintiff's claims are barred in whole or in part because even if Plaintiff might be found

10 to be entitled to any recovery under any contract or quasi-contract theory, which Marvell denies,

11 any such recovery is limited or eliminated by the costs avoided by Plaintiff.

12

### Twenty-first Separate Defense

13    Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims are

14 barred in whole or in part because any acts or omissions of which Plaintiff complains were

15 licensed by or otherwise performed with the permission and consent of Plaintiff.

16

### Twenty-second Separate Defense

17    Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims, and in

18 particular the purported claim for copyright infringement, are barred in whole or in part because

19 one or more of the copyrights that Plaintiff asserts in this action is or are invalid and/or

20 unenforceable.

21

### Twenty-third Separate Defense

22    Marvell is informed and believes, and on that basis alleges, that Plaintiff's claims, and in

23 particular the purported claim for copyright infringement, are barred in whole or in part because

24 Plaintiff engaged in fraud on the Copyright Office in that in or about March 2007, Plaintiff

25 intentionally made the false representation in one or more applications for copyright registration

26 that it authored the subject work or works, and its misrepresentation was material in that in its

27 absence registration would not have issued.

28

-14-

1

*Twenty-fourth Separate Defense*

2

Plaintiff's claims are barred in whole or in part because Marvell's alleged conduct

3

constitutes fair use.

4

*Twenty-fifth Separate Defense*

5

Plaintiff's claims are barred in whole or in part because even if Marvell might be found to

6

have infringed any valid copyright, which Marvell denies, any such infringement was *de*

7

*minimus*.

8

9

**COUNTERCLAIMS**

10

74.    Marvell repeats and incorporates by reference, as though fully set forth herein,

11

Paragraphs 1 through 73 above.  Marvell specifically incorporates by reference its admissions

12

and denials regarding the Parties, as set forth in Paragraphs 1 and 2 herein.

13

14

**JURISDICTION**

15

75.    Marvell asserts its Counterclaims pursuant to Rule 13 of the Federal Rules of Civil

16

Procedure.  This Court has subject matter jurisdiction over all Counterclaims herein pursuant to

17

28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction, 28 U.S.C. § 1332(a), in that

18

the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and

19

is between citizens of different States, and 28 U.S.C. § 2201(a), to the extent that one or more

20

counterclaims request declaratory judgment.

21

22

**STATEMENT OF FACTS**

23

*Background*

24

76.    Marvell is a wholly-owned subsidiary of a Bermuda corporation, Marvell

25

Technology Group Limited, a leading, global semiconductor provider of high-performance

26

integrated circuits.  Certain products made and sold by Marvell include semiconductor "chipsets"

27

that enable electronic devices having the Marvell chipsets to transmit and receive (*i.e.* transceive)

28

electronic data wirelessly.  For example, a computer laptop may contain a Marvell chipset that

-15-

1   enables the laptop computer to act as a transceiver with another device, such as a wireless

2   Internet router, to connect the computer laptop to the Internet wirelessly using the wireless router

3   in this example.  In order for Marvell to develop chipsets that are able to communicate with

4   specific devices, certain software code must be written to allow communication between the

5   Marvell chipset and the specific devices of different manufacturers.  The software code that is

6   written is known as "driver" software since it "drives" or directs specific devices made by

7   different manufacturers to work with the Marvell chipsets.

8        77.    Marvell, at times, engages third-party vendors to write the driver software code

9   for specific devices of manufacturers that the Marvell chipsets will communicate with.  The

10  Defendant, Intelligraphics, is one such vendor that Marvell contracted to develop driver software

11  code.

12                 ***The July 24, 2003 SDLA & The June 1, 2006 Amendment***

13       78.    On July 24, 2003, Marvell and Intelligraphics entered into an SDLA (the

14  "SDLA") where Intelligraphics agreed, *inter alia*, to develop driver software (called Custom

15  Software in the SDLA) that conforms to a specification published by Cisco Systems, Inc.

16  ("Cisco") known as Cisco Compatible Extensions ("CCX Code").  CCX is a Cisco specification

17  for manufacturers of wireless chipsets, like Marvell, to ensure compliance with Cisco's

18  proprietary wireless protocols in Cisco devices.

19       79.



20

21

22

23                    "Roaming" is a well-known feature in wireless communication that

24  allows connectivity of devices from one "access point" to another "access point" depending on

25  certain factors, for example, distance and strength of signals.  This roaming feature is developed

26  by writing certain software code to perform this roaming function.

27       80.    On June 1, 2006, the parties entered into Amendment 3 to the SDLA, which

28

attaches two Statements Of Work ("SOW's").  The first SOW is for an "Hourly Vista WLAN

Driver Development" and is presently not in this dispute.  Rather, the dispute is centered around

the second SOW titled "Hourly CCXv4 Funk Supplicant Development."  In the second SOW,

██████████████████████████████████████████████████████████████

████████████████████████████████████████  In exchange for

developing the CCX code, Marvell agreed to pay a development fee of $135 per hour on a time

and materials basis subject to a cumulative cap of $250,000 (the "Payment Cap").  Amendment 3

explicitly states that "[u]nless otherwise mutually agreed upon by the parties in writing, in no

event shall the fees payable … exceed the Payment Cap…."

81.    During the negotiations leading to Amendment 3, Marvell had estimated that the

work covered by Amendment 3 should have been able to be completed for well under $200,000.

In one or more telephone conversations and electronic mail messages during May and/or June

2006, Bart Giordano of Marvell therefore proposed a $250,000 cap to either or both Scott

Lawson and Mike Warren of Intelligraphics.  Mr. Giordano expressly informed Mr. Lawson

and/or Mr. Warren that Marvell had estimated that all work under Amendment 3 should have be

able to be performed for substantially less than the $250,000 cap, and that the $250,000 cap was

intended to provide a "cushion" that took into account any potential contingencies that might

hamper Intelligraphics' performance.  During these negotiations and through execution of

Amendment 3, Intelligraphics never challenged Marvell's estimate that the proposed $250,000

cap would provide an adequate "cushion" for Intelligraphics, nor represented or suggested to Mr.

Giordano that Intelligraphics would be unable to complete performance thereunder; instead,

Intelligraphics accepted and signed Amendment 3, containing the $250,000 cap.

82.    In its Complaint, Intelligraphics now states that even as of the time that

Amendment 3 was being negotiated and entered, and despite a clear written contractual cap

provision contained therein, it "understood … that it would be impossible for

INTELLIGRAPHICS to complete all of the work listed in the specifications … for anywhere

near $250,000."  Complaint, ¶ 19.

83. In the year since Amendment 3 was entered into, Marvell has paid over $200,000 in development fees, but Intelligraphics has failed to deliver the CCX code[1] and refuses to perform any more work on the code unless and until Marvell agrees to exceed the Payment Cap.

84. In order to determine the status of the code development, on February 27, 2007, Marvell ███████████████████████ sent two engineers to meet with Intelligraphics' developers. During the review, it became apparent that Intelligraphics had made little progress on developing the CCX code. Instead of showing fully-functioning software, all Intelligraphics could show the reviewers was small portions of the source code. Indeed, the CCX code was so incomplete that the reviewers could not test it to determine if it even functioned.

85. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

86. In addition to failing to deliver the CCX code, Intelligraphics has breached the SDLA in several other ways.

87. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

88. ████████████████████████████████████████████████████████████████████████████████████████████████████████

_____

[1] In late 2006, Intelligraphics provided a portion of the CCX code, related to roaming. That code was returned to Intelligraphics on June 13, 2007.

-18-

89.    Under Sections 9.1 and 9.3 of the SDLA, Intelligraphics agreed to keep confidential "the specific terms and conditions and existence of this Agreement." However, in its publicly filed Complaints, both in this matter and in the prior litigation between the parties in Texas, Intelligraphics openly disclosed the terms and conditions of the SDLA, in direct breach of its duties of confidentiality.

90.

91.

92.                                                            Intelligraphics filed, on February 19, 2007, an action for breach of the SDLA in the Texas District Court for Dallas County, No. DC-07-01487-E. Upon receiving the Petition, Marvell contacted Intelligraphics and asked that the case be dismissed

93.    On March 16, 2007, Marvell removed the Petition to the United States District Court for the Northern District of Texas based on diversity jurisdiction. Upon removal, Marvell asked Intelligraphics to stipulate to transferring the action to the United States District Court for

1  the Northern District of California ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  When

2  Intelligraphics refused, Marvell filed a motion to dismiss or, in the alternative, transfer the action

3  to this court.  On the day that its opposition was due, Intelligraphics dismissed the Texas action

4  and simultaneously filed the present Complaint in this Court on May 9, 2007.

5        94.    In or around August 2006, Marvell and Intelligraphics entered into negotiations

6  regarding Amendment 4 to the SDLA.  Under the terms of Amendment 4, Intelligraphics would,

7  in exchange for a payment of $100,000, develop Marvell 802.11 Windows-based software so

8  that it could run in a VRTX environment on Motorola's MIPS processor ("the Motorola

9  Project").

10       95.    Although Amendment 4 was not signed by the parties, it was executed by

11 performance under California Civil Code § 1584 and/or California Civil Code § 1698(b).  In

12 particular, Marvell has tendered payment in full for the Motorola Project software and

13 Intelligraphics has partially performed by developing and delivering the Motorola Project

14 software.

15       96.    As of the time these Amended Answer and Counterclaims are being filed,

16 Intelligraphics has invoiced Marvell for only $100,000.  However, in its Amended Complaint,

17 Intelligraphics asserts that the total cost, in time and materials, of the Motorola Project is

18 $122,273.98.  Accordingly, on or about June 18, 2007, Marvell issued a Purchase Order directly

19 to Intelligraphics for $22,273.98.  On or about June 19, 2007, counsel for Intelligraphics

20 responded on Intelligraphics' behalf by demanding that Marvell not contact Intelligraphics

21 directly again and stating that, now that Intelligraphics had initiated this litigation, it was no

22 longer "willing to accept full payment on the Motorola project."

23       97.    Notwithstanding that Intelligraphics has never invoiced Marvell in full for work

24 purportedly performed on the Motorola Project, Marvell has performed or offered to perform by

25 paying Intelligraphics the entire amount claimed in the Amended Complaint.  The final check,

26 for $22,273.98, was sent to counsel for Intelligraphics on July 20, 2007, along with a letter

27 demanding that Intelligraphics complete its performance, including by dismissing its claims and

28

issues relating to the Motorola Project and transferring Copyright Registration No. TXu-1-346-073 to Marvell.

## FIRST COUNTERCLAIM
### (Breach of Contract)

98.     Marvell repeats and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 97 above.

99.     The SDLA and Amendment 3 (including Attachments 1 and 2 thereto) to the SDLA, true and correct copies of which are attached hereto as Exhibits A and B and filed under seal and incorporated by reference as though fully set forth herein, constitute a binding contract between the parties (the "Agreement"), under which Intelligraphics was obliged to develop and deliver the Vista and CCX Project Software, including the Roaming code, for which Marvell's obligations to pay for work on a time and materials basis were limited by the $250,000 cap of paragraph 8(b) of Attachment 2 to Amendment 3.

100.    Marvell has performed all conditions, covenants, and promises required to be performed in accordance with the terms and conditions of the Agreement, except as excused by Intelligraphics, up until the date when its obligation to continue payment was excused by Intelligraphics' material breaches thereof.

101.    Intelligraphics materially breached the Agreement by, *inter alia*:

- Failing to develop and deliver the Custom Software ████████████████ ████████████████;

- Failing to correct those errors identified ████████████████████ ████████████████;

- ████████████████████████████████ ████;

- Asserting ownership of and registering its purported copyrights in the Custom Software ████████████████;

- ████████████████████████████;

- Filing the Complaint, including but not limited to Paragraphs 7 through 27 thereof, in the Court's public docket, in violation of the confidentiality requirements set forth in Section 9.3 of the Agreement;

- Filing Case No. DC-07-01487-E in state court in Dallas County, Texas, █████████████████████████████████████████████ ████████████ ; and

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████ .

- Failing to transfer the intellectual property rights in the Motorola Project, including the copyright registration, to Marvell.

102.    As a result of Intelligraphics' breach of the Agreement, Marvell has suffered damages in an amount to be proven at trial.

## SECOND COUNTERCLAIM
### (Fraud In The Inducement)

103.    Marvell repeats and incorporates by reference, as though fully set forth herein, Paragraphs 1 through 102 above.

104.    In entering into Amendment 3 to the SDLA, Intelligraphics agreed that:

> All services provided by Intelligraphics under [Amendment 3] are subject to a cumulative cap of two-hundred and fifty thousand U.S. Dollars (the "Payment Cap"). Unless otherwise mutually agreed upon by the parties in writing, in no event shall the fees payable by Marvell to Intelligraphics exceed the Payment Cap for all and any services rendered by Intelligraphics under [Amendment 3].

105.    Upon information and belief, Intelligraphics intentionally agreed to be bound by the $250,000 cap without any intention to effect the required performance. In particular, in Paragraph 19 of the Complaint, IGX admits that "at all times, [it] understood … that it would be impossible for INTELLIGRAPHICS to complete all of the work listed in the specifications … for anywhere near $250,000."

1    106.    Marvell reasonably relied on these promises to enter into Amendment 3 and to

2  make payments thereunder.  But for these promises, Marvell would not have entered into

3  Amendment 3 nor commenced or continued making such payments.

4    107.    Upon information and belief, Intelligraphics' true intention at the time it made the

5  promises and representations in question was to attempt to avoid delivering the Custom Software

6  unless and until Marvell had made payments totaling well in excess of the contractually agreed

7  total of $250,000.

8    108.    Marvell was damaged by Intelligraphics' fraud in an amount to be proven at trial.

9    109.    Intelligraphics' conduct was willful, despicable and fraudulent, and punitive

10  damages should be awarded to Marvell.

11

12                    **THIRD COUNTERCLAIM**
      **(Rescission of Amendment 3 to the SDLA under California Civil Code § 1689)**

13

14    110.    Marvell repeats and incorporates by reference, as though fully set forth herein,

   Paragraphs 1 through 109 above.

15

16    111.    In entering into Amendment 3 to the SDLA, Intelligraphics agreed that:

17        All services provided by Intelligraphics under [Amendment 3] are
          subject to a cumulative cap of two-hundred and fifty thousand U.S.
          Dollars (the "Payment Cap").  Unless otherwise mutually agreed
18        upon by the parties in writing, in no event shall the fees payable by
          Marvell to Intelligraphics exceed the Payment Cap for all and any
19        services rendered by Intelligraphics under [Amendment 3].

20    112.    Upon information and belief, Intelligraphics intentionally agreed to be bound by

21  the $250,000 cap without any intention to effect the required performance.  In particular, in

22  Paragraph 19 of the Complaint, IGX admits that "at all times, [it] understood … that it would be

23  impossible for INTELLIGRAPHICS to complete all of the work listed in the specifications …

24  for anywhere near $250,000."

25    113.    Upon information and belief, knowing the representation to be false and with the

26  intent to deceive Marvell and to induce Marvell to enter into Amendment 3 to the SDLA,

27  Intelligraphics falsely and fraudulently represented that it would complete all the work required

28

1    under Amendment 3 to the SDLA for $250,000.

2         114.    Intelligraphics' representations were in fact false, as it was unable to complete the

3    work in question for the contracted price.

4         115.    At the time the representations were made, at the time the parties entered into

5    Amendment 3, and at the time Marvell performed under Amendment 3, Marvell did not know

6    the representations were false, but believed them to be true and reasonably relied on them.  Had

7    Marvell known the true facts, it would not have entered into Amendment 3 and would not have

8    rendered performance thereunder.

9         116.    Marvell would suffer substantial harm and injury under Amendment 3 to the

10   SDLA if it were not rescinded in that it has paid for Custom Software that does not comply with

11   the requirements of Amendment 3.

12        117.    Marvell intends service of this Counterclaim to serve as notice of rescission of

13   Amendment 3 to the SDLA, and only Amendment 3.  Marvell already has restored all

14   consideration furnished by Intelligraphics under Amendment 3, and therefore demands that

15   Intelligraphics restore to Marvell the consideration furnished by Marvell under Amendment 3.

16        118.    In performing the acts herein alleged, Intelligraphics intentionally misrepresented

17   to Marvell material facts known to Intelligraphics, specifically its belief that performance was

18   impossible, with the intention on the part of Intelligraphics of depriving Marvell of its money

19   and property, thereby justifying an award of punitive damages against Intelligraphics.

20

21                           **FOURTH COUNTERCLAIM**
                   **(Declaratory Relief under 28 U.S.C. § 2201(a))**

22

23        119.    Marvell repeats and incorporates by reference, as though fully set forth herein,

     Paragraphs 1 through 118 above.

24

25        120.    Amendment 4 to the SDLA sets forth the parties' respective obligations regarding

     the Motorola Project.

26

27        121.    Although Amendment 4 was not signed by the parties, it was executed by

     performance under California Civil Code § 1584 and/or California Civil Code § 1698(b).  In

28

-24-

1    particular, Marvell performed fully or offered to perform fully all its obligations under

2    Amendment 4 no later than July 20, 2007, when Marvell sent Intelligraphics a check for

3    $22,273.98, and Intelligraphics has partially performed by developing and delivering the

4    Motorola Project software.  As such, a binding contract exists between the parties, and Marvell is

5    entitled to all of the benefits which it would have obtained if the agreement had been performed

6    by both parties.

7         122.    Intelligraphics has refused to accept Marvell's performance or offer of

8    performance, and has thereby prevented performance under California Civil Code § 1512.

9    Intelligraphics has refused to dismiss its claims to the extent that they assert that Marvell has

10   failed to perform its obligations with regards to the Motorola Project.  Intelligraphics has further

11   failed to complete its performance by failing to transfer the Motorola Project software and all

12   related intellectual property, including copyright registration TXu-1-346-073.

13        123.    Marvell seeks a Declaration that Amendment 4 has been executed by

14   performance.  A declaratory judgment is necessary in that Marvell contends and Intelligraphics

15   denies that Amendment 4 has been executed by performance.

16        124.    Marvell seeks a Declaration that the parties' respective obligations related to the

17   Motorola Project are set forth in Amendment 4 and/or in the SDLA that it amends.  A

18   declaratory judgment is necessary in that Marvell contends and Intelligraphics denies that the

19   parties' respective obligations related to the Motorola Project are set forth in Amendment 4

20   and/or in the SDLA that it amends.

21        125.    Marvell seeks a Declaration that Marvell has fully extinguished its obligations

22   under Amendment 4.  A declaratory judgment is necessary in that Marvell contends and

23   Intelligraphics denies that Marvell has fully extinguished its obligations under Amendment 4.

24        126.    Marvell seeks a Declaration that Marvell owns the Motorola Project software,

25   including all intellectual property therein.  A declaratory judgment is necessary in that Marvell

26   contends and Intelligraphics denies that Marvell owns the Motorola Project software, including

27   all intellectual property therein.

28

-25-

127.    Marvell seeks a Declaration that Intelligraphics is in breach of its duty to transfer all intellectual property rights in the Motorola Project software to Marvell.  A declaratory judgment is necessary in that Marvell contends and Intelligraphics denies that Intelligraphics is in breach of its duty to transfer all intellectual property rights in the Motorola Project software to Marvell.

128.    Marvell seeks a Declaration that Marvell is not infringing any copyright Intelligraphics has in the Motorola Project software.  A declaratory judgment is necessary in that Marvell contends and Intelligraphics denies that Marvell is not infringing any copyright Intelligraphics has in the Motorola Project software.

## PRAYER

WHEREFORE, Marvell prays that this Court enter judgment in its favor on its counterclaims set forth above and award it relief including, but not limited to, the following:

1.    For specific performance of the Agreement, including but not limited to Sections 6.1(a) and (b) thereof;

2.    For rescission of Amendment 3 to the SDLA;

3.    For restitution of all sums paid by Marvell under Amendment 3 to the SDLA;

4.    For a Declaration that Amendment 4 has been executed by performance;

5.    For a Declaration that the parties' respective obligations related to the Motorola Project are set forth in Amendment 4 and/or in the SDLA that it amends;

6.    For a Declaration that Marvell has fully extinguished its obligations under Amendment 4;

7.    For a Declaration that Marvell owns the Motorola Project software, including all intellectual property therein;

8.    For a Declaration that Intelligraphics is in breach of its duty to transfer all intellectual property rights in the Motorola Project software to Marvell;

9.    For a Declaration that Marvell is not infringing any copyright Intelligraphics has

-26-

1    in the Motorola Project software;

2         10.    For compensatory damages in an amount to be proved at trial;

3         11.    For punitive damages;

4         12.    For its reasonable attorneys' fees and costs of suit;

5         13.    For interest on all damages; and

6         14.    For such other and further relief as the court may deem proper.

7
                          **DEMAND FOR JURY TRIAL**
8

9         Defendant and Counterclaimant Marvell Semiconductor, Inc. hereby demands a trial by

10   jury of all claims so triable.

11

12   Dated: July 26, 2007                         Respectfully submitted,

13                                                MAYER, BROWN, ROWE & MAW LLP

14

15                                                By: _/s/_____
                                                       JOSHUA M. MASUR
16
                                                     Attorneys for Defendant
17                                                   and Counterclaimant
                                                     MARVELL SEMICONDUCTOR, INC.
18

19

20

21

22

23

24

25

26

27

28

-27-

**EXHIBIT A**

**Software Development and License Agreement (July 24, 2003)**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**

EXHIBIT **B**

**Amendment 3 (June 1, 2006) to the Software Development and License Agreement**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**

EXHIBIT C

**Amendment 1 (February 25, 2004) to the Software Development and License Agreement**

**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**

EXHIBIT **D**

**Draft Amendment 4 (April 10, 2007) to the Software Development and License Agreement**


**FILED UNDER SEAL; OMITTED FROM PUBLIC VERSION**