Andrew Schwartz (State Bar No. 100210)
Frank Sommers (State Bar No. 109012)
**SOMMERS & SCHWARTZ LLP**
550 California Street
Sacramento Tower, Suite 700
San Francisco, CA 94104
Telephone: (415) 955-0925
Facsimile: (415) 955-0927

Attorneys for Plaintiff Intelligraphics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTELLIGRAPHICS, INC<br><br>        Plaintiff and<br>           Counterdefendant,<br><br>vs.<br><br>MARVELL SEMICONDUCTOR, INC.<br><br>        Defendant and<br>           Counterclaimant. | Case No. C-07-2499 JCS<br><br>ANSWER TO FIRST AMENDED COUNTERCLAIM<br><br>**JURY TRIAL DEMANDED** |

Plaintiff and Counterdefendant INTELLIGRAPHICS, INC. ("Intelligraphics" or "Plaintiff") hereby answers the Counterclaim of Defendant and Counterclaimant Marvel Semiconductor, Inc. ("Marvell") as follows:

74.   In responding to the allegations of paragraph 74, Intelligraphics objects that any factual assertions contained in the Answer are deemed denied by operation of law, and it is therefore improper for Defendant and Counterclaimant Marvell to incorporate information from the answer into the Counterclaim.  To the extent that Marvell purports to include new factual allegations in its responses to the First Amended Complaint ("Complaint") and incorporates them by reference into the Counterclaim, Intelligraphics rests on the denial by operation of law referred to above.

75.   In responding to the allegations of paragraph 75, Intelligraphics admits that the controversy has a value in excess of $75,000.  The remaining allegations of paragraph 75 are conclusions of law to which no response is necessary.

76. In responding to the allegations of paragraph 76, Intelligraphics admits that Marvel's description of the wireless transceiver functions of the Marvell chipset is generally accurate. Intelligraphics denies the remaining allegations of paragraph 76.

77. In responding to the allegations of paragraph 77, Intelligraphics admits that it was contracted by Marvell to develop software for Marvel. Intelligraphics lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 77, and on that basis denies them.

78. Intelligraphics admits the allegations of paragraph 78.

79. In responding to the allegations of paragraph 79, Intelligraphics admits that Marvell appears to have quoted the phrases from the SDLA text accurately, however Intelligraphics denies that all the listed instances of 'roaming' were part of CCX. Intelligraphics further admits that Marvell attempts to define "roaming." Intelligraphics denies the remaining allegations of paragraph 79.

80. In responding to the allegations of paragraph 80, Intelligraphics admits that it entered into an amendment to the SDLA, Amendment 3, in 2006, but the exact date on which such amendment was "entered into" is a legal conclusion to which no response is necessary. Intelligraphics further admits that the first statement of work attached to Amendment 3 is for "Hourly Vista WLAN Driver Development" but denies Marvel's contention that the SOW plays no part in this dispute. Intelligraphics further admits that pursuant to the amendment to the SDLA, Marvell agreed to pay a development of $135 per hour on a time and materials basis. Intelligraphics also admits that Amendment 3 contains language concerning a $250,000 amount. Intelligraphics denies the remaining allegations of paragraph 80.

81. Plaintiff lacks information sufficient to permit it to form a belief as to the truth of the first sentence of paragraph 81 and on that basis denies them. Intelligraphics admits that Mr. Giordano proposed a $200,000 limit on approval for payments for the work on the CCX v4 Supplicant that he was requesting Intelligraphics perform. That amount was later increased to $250,000, which figure was set out in the Amendment signed by Intelligraphics. Intelligraphics denies the remaining

1 allegations of Paragraph 81.

2   82.   In responding to the allegations of paragraph 82, Intelligraphics admits that the language within the quotations marks in paragraph 82 appears to be an accurate, albeit elided quotation from paragraph 19 of the First Amended Complaint, but denies the quote's implication that only Intelligraphics understood that it would be impossible to complete the work described in the specification, as opposed to both Intelligraphics and Marvell having that understanding. Intelligraphics denies the remaining allegations of paragraph 82.

   83.   In responding to the allegations of paragraph 83, Intelligraphics admits that Marvell has paid over $200,000 since Amendment 3 was first drafted. Intelligraphics admits that it refused to continue work on the terms that Marvell attempted to impose once a dispute arose as to the meaning of the contract's payment term.  Intelligraphics denies the remaining allegations of paragraph 83.

   84.   In responding to the allegations of paragraph 84, Intelligraphics admits there was a meeting in February, 2007 between Intelligraphics developers and Marvell staff members. Intelligraphics denies the remaining allegations of paragraph 84.

   85.   In responding to the allegations of paragraph 85, Intelligraphics admits that it received a "Statement of Errors" from Marvel, and that it did not respond to the Statement other than by continuing its already-instituted litigation in this matter. Intelligraphics lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85 and on that basis denies them.

   86.   Paragraph 86 contains conclusions of law to which no response is necessary.

   87.   Intelligraphics admits the allegations of paragraph 87,

   88.   In responding to the allegations of paragraph 88, Intelligraphics admits that Marvell accurately quotes section 7.4 of the SDLA.  Intelligraphics denies the remaining allegations of paragraph 88.

   89.   In responding to the allegations of paragraph 89, Intelligraphics admits that it has quoted from the various agreements between the parties in the instant litigation and in the litigation

1  filed in Texas. Intelligraphics denies the remaining allegations of paragraph 89.

2      90.    In responding to the allegations of paragraph 90, Intelligraphics admits that Marvell quotes accurately from paragraph 2 of Section 1 of Attachment 2 to Amendment 3 to the SDLA, but denies the remaining allegations of paragraph 90.

    91.    In responding to the allegations of paragraph 91, Intelligraphics admits that the quoted languages from Section 12.1 is accurately set forth.

    92.    In responding to the allegations of paragraph 92, Intelligraphics admits that it filed an action in the Texas District Court for Dallas County, but denies the remaining allegations of paragraph 92.

    93.    Intelligraphics admits the allegations of paragraph 93.

    94.    Intelligraphics denies the allegations of paragraph 94

    95.    In responding to paragraph 95, Intelligraphics admits that Marvell, after the litigation started, tendered a sum that it incorrectly contended was payment in full for what it termed the Motorola project, which tender Intelligraphics rejected. The remaining allegations of paragraph 95 are conclusions of law to which no response is necessary.

    96.    In responding to paragraph 96, Intelligraphics admits that it has alleged incurring time and materials costs for its work on the Motorola software part of its contract with Marvell in the amounts set out in paragraph 96, and that it had only been paid $100,000 prior to the inception of litigation. Intelligraphics also admits that, after litigation had been started, Marvell issued what it describes as a purchase order. Intelligraphics denies that Marvell has quoted counsel accurately. The language set out was actually part of the following sentence:

> While Intelligraphics would certainly have been willing to accept full payment on the Motorola project before litigation was required, it seems more than slightly cynical for your client to offer such payment after costs and fees on the order of $60,000 have been incurred.

    97.    In responding to the allegations of paragraph 97, Intelligraphics admits that Marvell has, after litigation was filed, sent a check that it contends constitutes full perforrmance and demanded Intelligraphics take various steps in response. Intelligraphics denies that these steps, taken after Marvell had repeatedly breached the contract and attempted to extort additional work without

pay, constitute full performance or obligated Intelligraphics to do anything in response.

98. In responding to the allegations of paragraph 98, Intelligraphics incorporates and repeats by this reference as though fully set forth herein, its responses to the paragraphs incorporated by Marvell in paragraph 98.

99. In responding to paragraph 99, Intelligraphics admits that Attachments 1 and 2 are identified in Amendment 3 of the SDLA. The remainder of paragraph 99 contains conclusions of law to which no response is necessary.

100. Intelligraphics denies the allegations of paragraph 100.

101. Paragraph 101 contains conclusions of law to which no response is necessary.

102. Intelligraphics denies the allegations of paragraph 102.

103. In responding to the allegations of paragraph 103, Intelligraphics incorporates and repeats by this reference as though fully set forth herein, its responses to the paragraphs incorporated by Marvell in paragraph 103.

104. In responding to paragraph 104, Intelligraphics admits that the language set out therein is accurately quoted from a portion of Amendment 3, which it signed.

105. In responding to the allegations of paragraph 105, Intelligraphics admits that the language within the quotations marks in paragraph 105 appears to be an accurate, albeit elided quotation from paragraph 19 of the First Amended Complaint, but denies the quote's implication that only Intelligraphics understood that it would be impossible to complete the work described in the specification, as opposed to both Intelligraphics and Marvell having that understanding. Intelligraphics also denies the remaining allegations of paragraph 105.

106. In responding to the allegations of paragraph 106, Intelligraphics lacks information sufficient to form a belief as to the truth of the allegations of paragraph 106, and on that basis denies them.

107. Intelligraphics denies the allegations of paragraph 107.

108. Intelligraphics denies the allegations of paragraph 108.

109. Intelligraphics denies the allegations of paragraph 109.

110. In responding to the allegations of paragraph 110, Intelligraphics incorporates and repeats by this reference as though fully set forth herein, its responses to the paragraphs incorporated by Marvell in paragraph 110.

111. In responding to paragraph 111, Intelligraphics admits that the language set out therein is accurately quoted from a portion of Amendment 3, which it signed.

112. In responding to the allegations of paragraph 112, Intelligraphics again points out that Marvell is quoting from paragraph 19 of the First Amended Complaint, and is misstating the meaning of the paragraph as quoted. Intelligraphics denies the remaining allegations of paragraph 112.

113. Intelligraphics denies the allegations of paragraph 113.

114. Intelligraphics denies the allegations of paragraph 114.

115. Intelligraphics denies the allegations of paragraph 115.

116. Intelligraphics denies the allegations of paragraph 116.

117. In responding to the allegations of paragraph 117, Intelligraphics admits that it has received a CD which allegedly contains software delivered to Marvell by Intelligraphics. The remaining allegations of paragraph 117 are denied on the basis that Intelligraphics lacks information sufficient to form a belief as to the truth of those allegations, or to the extent they are conclusions of law to which no response is necessary.

118. In responding to the allegations of paragraph 118, Intelligraphics denies that it made any misrepresentations, intentional or otherwise, and further states that the remaining allegations of paragraph 118 are conclusions of law to which no response is necessary.

119. In responding to the allegations of paragraph 119, Intelligraphics incorporates and repeats by this reference as though fully set forth herein, its responses to the paragraphs incorporated by Marvell in paragraph 119.

120. Intelligraphics denies the allegations of paragraph 120

121. In responding to the allegations of paragraph 121, Intelligraphics agrees that Amendment 4 was not signed by the parties. The remaining allegations of Paragraph 121 are

conclusions of law to which no response is necessary.

122. In responding to the allegations of paragraph 122, Intelligraphics denies that Marvell has offered full performance, and denies that Intelligraphics has failed to perform as required by the contract up to Marvell's breaches thereof. The remaining allegations of paragraph 122 are conclusions of law to which no response is necessary.

123. In responding to the allegations of paragraph 123, Intelligraphics agrees that the parties disagree about almost everything pertaining to amendment 4, including whether it was executed by performance

124. Paragraph 124's allegations are confusing, ambiguous and unintelligible, and Intelligraphics cannot understand what positions Marvell is suggesting are the subject of a declaratory relief claim. Based on its inability to form a belief as to the truth of the allegations set out in paragraph 124, Intelligraphics denies them.

125. Paragraph 125 contains contentions of law to which no response is necessary.

126. Paragraph 126 contains contentions of law to which no response is necessary.

127. Paragraph 127 contains contentions of law to which no response is necessary.

128. Paragraph 128 contains contentions of law to which no response is necessary.

**AFFIRMATIVE DEFENSES**

1. As and for a first affirmative defense, Intelligraphics contends that Marvell's counterclaim fails to set forth facts on which a claim may be based.

2. As and for a second affirmative defense, Intelligraphics contends that Marvell is not entitled to equitable relief due to its unclean hands.

3. As and for a third affirmative defense, Intelligraphics asserts that Marvell's claims are barred by the doctrine of laches.

WHEREFORE, Intelligraphics prays that this Court enter judgment in its favor on the Counterclaims of Marvel, and order that Marvell take nothing by reason of its Counterclaim.

1
2                         **DEMAND FOR JURY TRIAL**
3         Plaintiff hereby requests jury trial on all issues so triable.
4
5  DATED:      August 23, 2007            SOMMERS & SCHWARTZ LLP
6
7
8                                          By_____
                                             Frank F Sommers
9                                            Attorneys for Plaintiff and Counterdefendant
                                             Intelligraphics, Inc.
10  CS:\Intelligraphics\Pleadings\Answer to First Amended Counterclaim.wpd