SOMMERS & SCHWARTZ LLP
ANDREW H. SCHWARTZ (SBN 100210)
  *ahs@sommersschwartz.com*
FRANK F. SOMMERS, IV (SBN 109012)
  *ffs@sommersschwartz.com*
550 California Street
Sacramento Tower, Suite 700
San Francisco, California 94104
Telephone: (415) 955-0925
Facsimile:  (415) 955-0927

Attorneys for Plaintiff and Counterdefendant
INTELLIGRAPHICS, INC.

MAYER BROWN LLP
MICHAEL A. MOLANO (SBN 171057)
  *mmolano@mayerbrown.com*
SHIRISH GUPTA (SBN 205584)
  *sgupta@mayerbrown.com*
JOSHUA M. MASUR (SBN 203510)
  *jmasur@mayerbrown.com*
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, Califonia 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| INTELLIGRAPHICS, INC.,<br><br>*Plaintiff and Counterdefendant,*<br><br>v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>*Defendant and Counterclaimant.* | Case No. C-07-2499 JCS<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords

extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.    DEFINITIONS

2.1.    <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2.    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3.    <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that the Designating Party in good faith believes qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4.    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:  extremely sensitive "Confidential Information or Items" that the Designating Party in good faith believes would create a substantial risk of serious injury if disclosed to persons permitted to receive "Confidential Information or Items" under this Protective Order, and that such risk therefore could not be avoided by designation as merely Confidential.

2.5.    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6.    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7.   Designating Party:  a Party or non-party that designates information or items that it produces or makes otherwise available in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8.   Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential," as "Highly Confidential – Attorneys' Eyes Only," or as "Electronic Inspection Only."  Protected Material also includes any summary, digest, analysis, or comment on any material that is designated as "Confidential," as "Highly Confidential – Attorneys' Eyes Only," or as "Electronic Inspection Only."  Protected Material will not include any information that (i) is or becomes publicly available without the Receiving Party's breach of any obligation owed to the Designating Party; (ii) is lawfully in the possession of a party receiving such information without any confidential obligations at the time of disclosure; (iii) or is lawfully disclosed by a third party that is not subject to any confidentiality obligations at the time of disclosure.

2.9.   Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.10.  House Counsel:  attorneys who are employees of a Party.

2.11.  Counsel (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12.  Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.

2.13.  Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14    ADR Neutral:  shall have the meaning ascribed by the Local Rules for Alternative Dispute Resolution of the Northern District of California.

2.15    Electronic Inspection Only Information or Items:  extremely sensitive "Highly Confidential – Attorneys' Eyes Only Information or Items," including but not limited to computer source code, whose disclosure to another Party or nonparty in an electronic form susceptible to unrestricted copying would create a substantial risk of serious injury that could not be avoided by less restrictive means.

## III.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## IV.    DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing or modifying the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Designating or Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top or bottom of each page that contains protected material. Where practicable, if only a portion or portions of the material on a page qualifies for protection, the Designating or Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating or Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before

1  producing the specified documents, the Designating or Producing Party must affix the
2  appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
3  EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a
4  portion or portions of the material on a page qualifies for protection, the Designating or
5  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
6  markings in the margins) and must specify, for each portion, the level of protection being
7  asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
8  ONLY").

9  (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that
10 the Party or non-party offering or sponsoring the testimony identify on the record, before the
11 close of the deposition, hearing, or other proceeding, all protected testimony, and further specify
12 any portions of the testimony that qualify as Protected Material.  When it is impractical, before
13 the close of the deposition, to identify separately each portion of testimony that is entitled to
14 protection, and/or when it appears that substantial portions of the testimony may qualify for
15 protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the
16 record (before the deposition or proceeding is concluded) a right to have up to 20 days after
17 receipt of the final transcript to identify the specific portions of the testimony as to which
18 protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or
19 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Prior to the expiration of the
20 20 days, the transcript in its entirety will be treated as "HIGHLY CONFIDENTIAL –
21 ATTORNEYS' EYES ONLY" information.  After the expiration of the 20 days, only those
22 portions of the testimony that are appropriately designated for protection within the 20 days shall
23 be covered by the provisions of this Protective Order.

24 Transcript pages containing Protected Material must be separately bound by the
25 court reporter, who must affix to the top or bottom of each such page the legend
26 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as
27 instructed by the Party or nonparty offering or sponsoring the witness or presenting the
28 testimony.

1   In the event that a deposition that includes Protected Material is attended by any person to whom disclosure of Protected Material is not expressly permitted under Sections 7.2 and 7.3 herein, such attendees shall be excluded from the deposition during testimony concerning Protected Material that they are not permitted to receive.  In the event that the deponent, deponent's counsel, or an attendee reasonably believes in good faith that a pending question may implicate Protected Material that Section 7.2 or 7.3 does not permit an attendee to receive, at the deponent's own initiative or upon objection of counsel or attendee, the deponent may confer with counsel with such question pending for the sole purpose of determining whether an answer may reveal Protected Material that would require exclusion.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Designating or Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Designating or Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

5.3.   <u>Inadvertent Failures to Designate; Inadvertent Production</u>.  If timely corrected after being discovered, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, including, but not limited to, the retrieval and destruction of all copies not bearing the appropriate designation.

A Producing Party's inadvertent production of privileged, work product, or trial preparation information shall not constitute a waiver of such privilege or protection, provided that the Producing Party notifies the Receiving Party in writing of such inadvertent production

promptly upon learning of same. Such inadvertently produced documents, and all copies, summaries, digests, analyses, or comments of or thereupon, shall be destroyed or returned to the Disclosing Party by the Receiving Party as soon as practicable after the Producing Party's notification. Nothing in this Protective Order shall prevent any Litigant from requesting that the Court order the production of any such inadvertently produced documents.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3.    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding

paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.

**VII. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2. <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and legal personnel (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) Experts (as defined in this Order) and their staff (1) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

1  Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5,
2  below, have been followed;
3        (d) the Court and its personnel;
4        (e) court reporters, their staffs, Professional Vendors, and ADR Neutrals to whom
5  disclosure is reasonably necessary for this litigation;
6        (f) during their depositions, witnesses in the action to whom disclosure is
7  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
8  (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal
9  Protected Material must be separately bound by the court reporter and may not be disclosed to
10 anyone except as permitted under this Protective Order.
11       (g) an author or recipient of the document or the original source of the
12 information.
13    7.3.   <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u>
14 <u>Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the
15 Designating Party, a Receiving Party may disclose any information or item designated
16 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:
17       (a) the Receiving Party's Outside Counsel of record in this action, as well as
18 employees of said Counsel to whom it is reasonably necessary to disclose the information for
19 this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is
20 attached hereto as Exhibit A;
21       (b) House Counsel of a Receiving Party (1) who has no involvement in
22 competitive decision-making or in patent prosecutions involving driver software for wireless
23 networking chips, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who
24 has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);
25       (c) Experts (as defined in this Order) and their staff (1) to whom disclosure is
26 reasonably necessary for this litigation, (2) who have signed the "Agreement to Be Bound by
27 Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5,
28 below, have been followed;

1              (d) the Court and its personnel;

2              (e) court reporters, their staffs, Professional Vendors, and ADR Neutrals to whom
3 disclosure is reasonably necessary for this litigation; and

4              (f) an author or recipient of the document or the original source of the
5 information.

6         7.4.     Disclosure of "ELECTRONIC INSPECTION ONLY" Information or Items.
7 Unless otherwise ordered by the court or permitted in writing by the Designating Party, the
8 Designating Party shall describe such information or items designated "ELECTRONIC
9 INSPECTION ONLY" in writing, in sufficient detail to allow the Receiving Party to determine
10 both the relevance of the information or items to the litigation, and the software or other tools
11 that will be sufficient to inspect the information or items. Information or items designated
12 "ELECTRONIC INSPECTION ONLY" shall not initially be produced to the Receiving Party,
13 but may be inspected by:

14              (a) the Receiving Party's Outside Counsel of record in this action, as well as
15 employees of said Counsel to whom it is reasonably necessary to disclose the information for
16 this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is
17 attached hereto as Exhibit A;

18              (b) Experts (as defined in this Order) (1) to whom disclosure is reasonably
19 necessary for this litigation, (2) who have signed the "Agreement to Be Bound by Protective
20 Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5, below, have
21 been followed;

22              (c) the Court and its personnel;

23              (d) court reporters, their staffs, Professional Vendors, and ADR Neutrals to whom
24 disclosure is reasonably necessary for this litigation; and

25              (e) an author or recipient of the document or the original source of the
26 information.

27     If, during the inspection, the Receiving Party identifies a portion of the information or
28 items designated for "Electronic Inspection Only" that the Receiving Party wishes to have

produced, the parties shall meet and confer regarding the extent and form of the production.  If the parties are unable to reach agreement, the Receiving Party may move the Court for an order requiring production, which proposed order must specify with appropriate particularity the extent and form of the production sought.

7.5.    <u>Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "ELECTRONIC INSPECTION ONLY" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any Protected Material first must make a written disclosure to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.  So long as the proposed Expert is not otherwise subject to discovery, *e.g.*, as a percipient witness, such disclosure shall not independently subject the proposed Expert to discovery.

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe

the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

### VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax and/or email, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Parties to this Protective Order agree to work together in good faith to avoid or limit the unnecessary production of any Party's Protected Material.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to

1  protect its confidentiality interests in the court from which the subpoena or order issued.  The
2  Designating Party shall bear the burdens and the expenses of seeking protection in that court of
3  its confidential material – and nothing in these provisions should be construed as authorizing or
4  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

7          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected
8  Material to any person or in any circumstance not authorized under this Protective Order, the
9  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized
10 disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the
11 person or persons to whom unauthorized disclosures were made of all the terms of this Order,
12 and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be
13 Bound" that is attached hereto as Exhibit A.

## X.     FILING PROTECTED MATERIAL.

16         Without written permission from the Designating Party or a court order secured after
17 appropriate notice to all interested persons, a Party may not file in the public record in this action
18 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply
19 with Civil Local Rule 79-5.

## XI.     FINAL DISPOSITION.

22         Unless otherwise ordered or agreed in writing by the Designating Party, within sixty days
23 after the final termination of this action, each Receiving Party must either return to the Producing
24 Party or destroy all Protected Material.  As used in this subdivision, all "Protected Material"
25 includes all copies, abstracts, compilations, summaries or any other form of reproducing or
26 capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,
27 the Receiving Party must submit a written certification to the Producing Party (and, if not the
28 same person or entity, to the Designating Party) by the sixty day deadline that identifies (by

1 category, where appropriate) all the Protected Material that was returned or destroyed and that
2 affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries
3 or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this
4 provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers,
5 transcripts, legal memoranda, correspondence or attorney work product, even if such materials
6 contain Protected Material.  Any such archival copies that contain or constitute Protected
7 Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

## XII. MISCELLANEOUS

10    12.1.    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to
11 seek its modification by the Court in the future.

12    12.2.    <u>Right to Assert Other Objections</u>.  The entry of this Protective Order does not
13 waive any right any Party otherwise would have to object to disclosing or producing any
14 information or item on any ground not addressed in this Protective Order.  Similarly, no Party

1  waives any right to object on any ground to use in evidence of any of the material covered by
2  this Protective Order.

3

4  Dated: _____ __, 2007            SOMMERS & SCHWARTZ LLP

5                                        By: */s/*  _____
6                                            Frank F. Sommers, IV

7                                            Attorneys for Plaintiff and Counterdefendant
                                             INTELLIGRAPHICS, INC.
8

9
10 Dated: _____ __, 2007            MAYER BROWN LLP

11                                       By: */s/*  _____
                                             Joshua M. Masur
12
                                             Attorneys For Defendant and Counterclaimant
13                                           MARVELL SEMICONDUCTOR, INC.

14
   *Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), the filer hereby attests that
15 the signatories' concurrence in the filing of this document has been obtained.*

16

17 IT IS SO ORDERED.

18

19 Date:  October 19, 2007            By:  _____
                                          THE HONORABLE JOSEPH C. SPERO
20                                        UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

# EXHIBIT A
# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2007 in the case of *Intelligraphics, Inc.* v. *Marvell Semiconductor, Inc.*, No. C-07-2499 JCS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

- 17 -
[PROPOSED] STIPULATED PROTECTIVE ORDER - CASE NO. C-07-2499 JCS