MAYER BROWN LLP
MICHAEL A. MOLANO (SBN 171057)
  *mmolano@mayerbrown.com*
JOSHUA M. MASUR (SBN 203510)
  *jmasur@mayerbrown.com*
J. JOANN LIAO (SBN 227329)
  *jliao@mayerbrown.com*
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT

## SAN FRANCISCO DIVISION

| | |
|---|---|
| INTELLIGRAPHICS, INC., | Case No. C-07-2499 JCS |
| *Plaintiff and Counterdefendant,* | **MARVELL SEMICONDUCTOR, INC.'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTELLIGRAPHICS' CLAIM THAT MARVELL FRAUDULENTLY INDUCED INTELLIGRAPHICS TO ENTER AMENDMENT 3** |
| *v.* | |
| MARVELL SEMICONDUCTOR, INC., | |
| *Defendant and Counterclaimant.* | **PUBLIC VERSION** |
| | Before: Hon. Joseph C. Spero |
| | Date: May 2, 2008 |
| | Time: 9:30 a.m. |
| | Courtroom A, 15th Floor |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on May 2, 2008, at 9:30 a.m. or as soon thereafter as the matter may be heard, Defendant and Counterclaimant Marvell Semiconductor, Inc. ("Marvell" or "Defendant") will, and hereby does, move this Court, located in Courtroom A, 15th Floor, of the United States District Court, 450 Golden Gate Avenue, San Francisco, California, the Honorable Joseph C. Spero presiding, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, for partial summary judgment with respect to the Third Cause of Action (Fraud in the Inducement) of Plaintiff and Counterdefendant Intelligraphics, Inc.'s ("Intelligraphics'") First Amended Complaint, filed on June 19, 2007 (Docket No. 6), with costs, and for such other and further relief as the Court may deem just and proper.

By this Motion, Marvell seeks that the Court enter judgment in its favor with respect to the Third Cause of Action because, as more fully set forth in the Memorandum of Points and Authorities below, Marvell is entitled to judgment as a matter of law that it did not fraudulently induce Intelligraphics to enter into Amendment 3. Marvell's motion is based on this Notice of Motion and Motion, Memorandum of Points and Authorities, the Joint Statement of Facts filed herewith, pleadings and files in this action, and any other argument that may be presented before or during this motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **STATEMENT OF THE ISSUES TO BE DECIDED (Civ. L.R. 7-4(a)(3))**

1.    Whether Intelligraphics' claim that Marvell fraudulently induced Intelligraphics to enter Amendment 3 by making an alleged false promise prior to execution is barred by the parol evidence rule, because the alleged promise would contradict or vary the terms of the written contract.

2.    Whether Intelligraphics' claim that Marvell fraudulently induced Intelligraphics to enter Amendment 3 by falsely representing the meaning of its terms is barred because, even

-1-

1   assuming *arguendo* that such a false representation were made, Intelligraphics could not, as a

2   matter of law, have reasonably relied thereon.

3

4   **II.    INTRODUCTION**

5           Intelligraphics' First Amended Complaint alleges that Marvell defrauded Intelligraphics

6   by making a false "promise to pay all Development Fees earned on a time and material basis,"

7   notwithstanding the $250,000 payment cap expressly imposed by Amendment 3 to the parties'

8   Software Development and License Agreement ("SDLA").  First Amended Compl., ¶ 44.  As a

9   matter of law, however, the parol evidence rule bars any claim that a false promise prior to

10  execution of an integrated contract contradicts or varies its terms.  Similarly, to the extent that

11  Intelligraphics claims that it relied on any alleged mischaracterization by Marvell regarding the

12  effect of the contractual clause that imposed the $250,000 cap, California law maintains that any

13  such reliance cannot have been reasonable – and reasonable reliance is an essential element of a

14  fraud claim.

15          Because Intelligraphics cannot even introduce evidence of the alleged false promise, let

16  alone prevail on its fraud in the inducement claim, the Court should enter partial summary

17  judgment for Marvell.

18

19  **III.   STATEMENT OF FACTS.**

20          Pursuant to Paragraph 8 of the standing Case Management Conference Order, Marvell

21  has filed separately the parties' Joint Statement of Facts ("Joint Stmt. of Facts") and Marvell's

22  Separate Statement of Additional Facts that Marvell Contends Are Undisputed ("Separate Stmt.

23  of Add'l Facts").

24

25  **IV.   LEGAL STANDARDS.**

26          **A.    Partial Summary Judgment.**

27          "A party against whom relief is sought may move at any time, with or without supporting

28  affidavits, for summary judgment on all or part of the claim."  FED. R. CIV. P. 56(b).  "The

1   judgment sought should be rendered if the pleadings, the discovery and disclosure materials on

2   file, and any affidavits show that there is no genuine issue as to any material fact and that the

3   movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Where the facts are

4   in dispute, the Court [must] draw[] all inferences in favor of Plaintiff." *Erdmann v. Tranquility*

5   *Inc.*, 155 F. Supp. 2d 1152, 1154 n.1 (N.D. Cal. 2001) (citing *Yartzoff v. Thomas*, 809 F.2d 1371,

6   1373 (9th Cir.1987) as "holding that on summary judgment court must view the evidence and the

7   inferences from that evidence in the light most favorable to the nonmoving party").

8       **B.     The Parol Evidence Rule.**

9       Under California law, "[t]erms set forth in a writing intended by the parties as a final

10  expression of their agreement with respect to such terms as are included therein may not be

11  contradicted by evidence of any prior agreement or of a contemporaneous oral agreement." CAL.

12  CODE CIV. PROC. § 1856(a).

13      **C.     Fraud and Fraud in the Inducement.**

14      Under California law:

15          The elements of fraud are (a) a misrepresentation (false
            representation, concealment, or nondisclosure); (b) scienter or
16          knowledge of its falsity; (c) intent to induce reliance; (d) justifiable
            reliance; and (e) resulting damage.  Fraud in the inducement is a
17          subset of the tort of fraud.  It occurs when the promisor knows
            what he is signing but his consent is induced by fraud, mutual
18          assent is present and a contract is formed, which, by reason of the
            fraud, is voidable.
19
20  *Hinesley v. Oakshade Town Ctr.*, 135 Cal. App. 4th 289, 294-95 (Cal. Ct. App. 2005) (internal

21  quotations and citations omitted).

22

23  **V.     ARGUMENT**

24      As a matter of law, Intelligraphics cannot prevail on its claim that Marvell fraudulently

25  induced it to enter Amendment 3.  The parol evidence rule bars Intelligraphics from even

26  introducing evidence of Marvell's alleged misrepresentations.  But even if such evidence were

27  admissible, those alleged misrepresentations would be merely an interpretation of contractual

28

1   terms by an opposing party – and under California law,[1] the fact that the plaintiff may not

2   reasonably rely on such statements precludes any claim for fraud.

    **A.    The Parol Evidence Rule Precludes Any Evidence Supporting
            Intelligraphics' Claim for Fraud in the Inducement.**

3

4

5        Because the parol evidence rule prevents introduction of evidence supporting

    Intelligraphics' allegations that Marvell misrepresented the effect of the parties' contract prior to

6   execution, Intelligraphics cannot prevail on its claim for fraud in the inducement.

7

8        1.    ***Evidence of Alleged False Promises that Would Vary the Terms of an
                   Integrated Contract Is Barred by the Parol Evidence Rule.***

9        California's parol evidence rule requires that "[t]erms set forth in a writing intended by

10  the parties as a final expression of their agreement with respect to such terms as are included

11  therein may not be contradicted by evidence of any prior agreement or of a contemporaneous

12  oral agreement." CAL. CIV. PROC. CODE § 1856(a). At least since the California Supreme

13  Court's 1935 decision in *Pendergrass*, California's parol evidence rule has been interpreted to

14  bar a claim for fraud, where such claim is based on an alleged false promise that is inconsistent

15  with an integrated agreement:

16          Fraud may not be established by parol evidence to contradict the
            terms of the writing when the statements relate to rights depending
17          upon contracts yet to be made, to which the person complaining is
            a party, as under such circumstances he has it in his power to guard
18          in advance against any and all consequences of a subsequent
            change of conduct by the person with whom he is dealing, and to
19          admit evidence of extrinsic agreements would be to open the door
            to all evils that the parol evidence rule was designed to prevent.
20

21  *Bank of Am. Nat'l. Trust & Sav. Ass'n v. Pendergrass*, 48 P.2d 659, 662 (Cal. 1935) (internal

    quotations omitted). Thus, where an alleged "false promise relates to the matter covered by the
22
    main agreement and contradicts or varies the terms thereof, any evidence of the false promise
23
    directly violates the parol evidence rule and is inadmissible." *Price v. Wells Fargo Bank*, 261
24
    Cal. Rptr. 735, 745 (Cal. Ct. App. 1989); *see also Brinderson-Newberg Joint Venture v. Pacific*
25
    *Erectors, Inc.*, 971 F.2d 272, 280-81 (9th Cir. 1992) ("signing … the contract precludes a fraud
26

27  ────────────────
    [1] Which governs the SDLA. *See* SDLA ¶ 12.1 and Joint Stmt. of Facts, ¶ 1 (SDLA "constitutes
    admissible evidence for the purpose of the subject motion"); *accord* Answer to Countercl., ¶ 91
28  (admitting accurate quotation of SDLA ¶ 12.1).

-4-

1   claim based on the alleged promise to interpret the contract in a way that contradicts the plain

2   language of the contract"); *Banco Do Brasil, S.A. v. Latian, Inc.*, 285 Cal. Rptr. 870, 885 (Cal.

3   Ct. App. 1991) (where "the claimed oral 'promise' … is inconsistent with the written …

4   Agreement, and is certainly not independent of it, respondents' claim of fraud with respect to this

5   promise must also fail").

6       California law distinguishes between cases involving a *false promise* – "a promise made

7   without any intention of performing it[,]" *Bank of America v. Lamb Fin. Co.*, 179 Cal. App. 2d

8   498, 502 (Cal. Ct. App. 1960) – and cases involving a *misrepresentation of fact.  See, e.g., id.*

9   ("A distinction has been made by our courts in cases in which the fraud sought to be proved

10  consists of a false promise.").  Although evidence of prior misrepresentations of fact may be

11  admissible under the fraud exception to the parol evidence rule, evidence of false promises

12  contradicting the contract are inadmissible *per se*:  "the rule which permits parol evidence of

13  fraud" does not apply to "a promise directly at variance with the promise of the writing."

14  *Pendergrass*, 48 P.2d at 661; *accord, e.g., Pacific State Bank v. Greene*, 1 Cal. Rptr. 3d 739,

15  749-51 (Cal. Ct. App. 2003) (citing same; the "California Supreme Court has declared the fraud

16  exception does not apply if the evidence is offered to show a promise contradicting the written

17  agreement").  Thus, parol evidence of promissory fraud or fraud in the inducement is not

18  admissible if it contradicts the written, integrated agreement:

19          The fraud exception to the parol evidence rule does not apply to
            such promissory fraud if the evidence in question is offered to
20          show a promise which contradicts an integrated written agreement.
            Unless the false promise is either independent of or consistent with
21          the written instrument, evidence thereof is inadmissible.  Under the
            *Pendergrass* rule, the fraud exception to the parol evidence rule
22          does not apply where parol evidence is offered to show a
            fraudulent promise directly at variance with the promise of the
23          writing.

24  *Wang v. Massey Chevrolet*, 118 Cal. Rptr. 2d 770, 781-82 (Cal. Ct. App. 2002) (internal

25  quotations omitted); *Alling v. Universal Mfg. Corp.*, 7 Cal. Rptr. 2d 718, 733-34 (Cal. Ct. App.

26  1992) (same); *West v. Henderson*, 278 Cal. Rptr. 570, 572-73 (Cal. Ct. App. 1991) (trial court

27  properly found that plaintiff could not prove fraud in the inducement because her evidence of the

28  prior representations was barred by the parol evidence rule since "the fraud exception [to the

-5-

1    parol evidence rule] does not apply if the evidence is offered to show a promise contradicting the

2    written agreement").

3              2.    ***The SDLA Is an Integrated Contract, Subject to the Parol Evidence
                     Rule.***

4

5              The parol evidence rule applies only to integrated contracts.  "Whether a contract is

6    integrated is a question of law when the evidence of integration is not in dispute."  *Founding*

     *Members of the Newport Beach Country Club v. Newport Beach Country Club, Inc.*, 109 Cal.

7    App. 4th 944, 953-54 (Cal. Ct. App. 2003).  "In considering whether a writing is integrated, the

8    court must consider the writing itself, including whether the written agreement appears to be

9    complete on its face; whether the agreement contains an integration clause; whether the alleged

10   parol understanding on the subject matter at issue might naturally be made as a separate

11   agreement; and the circumstances at the time of the writing."  *Id.* (internal citations omitted).

12   Indeed, the use of an integration clause in the contract "may well be conclusive on the issue of

13   integration."  *Banco do Brasil*, 285 Cal. Rptr. at 886.

14             As a matter of law, the SDLA is an integrated contract.  In signing the SDLA, the parties

15   agreed that the "████████████████████████████████████████████

16   ██████████████████████████████████████████████"[2]  SDLA ¶ 12.10; *see*

17   Separate Stmt. of Add'l Facts, ¶ 1.  By the terms of the contract itself, it is clear that the parties

18   "intended the written instrument to serve as the exclusive embodiment of their agreement."

19   *Banco Do Brasil*, 285 Cal. Rptr. at 886.

20             As an integrated contract, the SDLA is subject to the parol evidence rule.  *See* Cal. Civ.

21   Proc. Code § 1856(a).

22             3.    ***Because Marvell's Alleged False Promises Would Contradict the Terms
                     of the SDLA, They Are Barred by the Parol Evidence Rule.***

23

24             The parol evidence rule requires that "the integrated written agreement of the parties [be]

25   their exclusive and binding contract no matter how persuasive the evidence of additional oral

26   understandings.  Such evidence is legally irrelevant and cannot support a judgment."  *Banco Do*

27   _____

28   [2] The highlighted portion of this document is not intended for emphasis, but rather, to identify
     portions redacted from the public version, as required by Local Rule 79-5.

                                                    -6-

1   *Brasil,* 285 Cal. Rptr. at 885.  As a result, the parol evidence rule bars Intelligraphics from

2   introducing evidence of any collateral agreement that contradicts the terms of the SDLA.

3       Intelligraphics' Complaint alleges that, while Amendment 3 was being negotiated,

4   Marvell promised that after the cap had been reached, Marvell "would pay for all of

5   INTELLIGRAPHICS's work on a time and materials basis and negotiate accordingly when and

6   if the total Development Fees on these two projects reached $250,000."  Joint Stmt. of Facts, ¶ 4.

7   Intelligraphics' Complaint also asserts that, in entering into Amendment 3, it relied on Marvell's

8   alleged representation that Paragraph 8(b) of Amendment 3 "confirm[ed] that

9   INTELLIGRAPHICS would stop work … when the $250,000 had been spent, absent a

10  renegotiation of the payable amount."  Joint Stmt. of Facts, ¶ 4.

11      However, such promises, even if they had been made, would have directly contradicted

12  the express terms of the contract.  Paragraph 8(b) of Amendment 3 expressly requires that absent

13  written agreement to the contrary, Marvell's payment obligations – not Intelligraphics'

14  performance obligations – are limited by a $250,000 cap:

15          All services provided by Intelligraphics under this [Amendment 3]
            are subject to a cumulative cap of two-hundred and fifty thousand
16          U.S. Dollars (the "Payment Cap").  Unless otherwise mutually
            agreed upon by the parties in writing, in no event shall the fees
17          payable by MARVELL to Intelligraphics exceed the Payment Cap
            for all and any services rendered by Intelligraphics under [the]
18          Statement[s] of Work....

19  Joint Stmt. of Facts, ¶ 3.  The parties' agreement in Paragraph 8(b) that "*[a]ll services* provided

20  by Intelligraphics … are subject to a cumulative cap," and that "*in no event* shall the fees

21  payable by MARVELL to Intelligraphics exceed the Payment Cap for all and any services

22  rendered by Intelligraphics," cannot be reconciled with Intelligraphics' allegations that

23  "MARVELL further represented that it would pay for *all* of INTELLIGRAPHICS's work on a

24  time and materials basis."  *Compare* Joint Stmt. of Facts, ¶¶ 3, 5 (emphasis supplied).  Marvell

25  agreed to pay for all such work "subject to a cumulative cap."  Paragraph 8(b) does not promise

26  to "negotiate … when and if the total Development Fees on these two projects reached

27  $250,000," Joint Stmt. of Facts, ¶ 5; rather, it states that any such agreement must be "*in*

28  *writing*."  Joint Stmt. of Facts, ¶ 3.

-7-

Marvell's allegedly fraudulent promises directly contradict the provisions of Paragraph 8(b). Under *Pendergrass*, any evidence of such promises is categorically barred by the parol evidence rule. Marvell therefore is entitled to judgment as a matter of law that it did not fraudulently induce Intelligraphics to enter Amendment 3.

**B.    Because Intelligraphics Could Not Have Reasonably Relied on Marvell's Alleged Misinterpretation of Amendment 3, It Cannot Prove an Essential Element of Its Fraud in the Inducement Claim.**

Even if any evidence of Marvell's alleged misrepresentations were admissible, moreover, Intelligraphics could not prevail on its fraud in the inducement claim. As a matter of law, Intelligraphics could not have reasonably relied on Marvell's interpretation of the relevant contractual terms.

Intelligraphics alleges that it was defrauded by an interpretation of the payment cap provisions of Amendment 3 allegedly proffered by Marvell's in-house attorney, Carrie Le Roy:

> When INTELLIGRAPHICS suggested including in the payment provision of these Attachments a specific clause confirming that INTELLIGRAPHICS would stop work on these two projects – Hourly Vista WLAN Driver Development and Hourly CCX v.4 Funk Supplicant Development – when the $250,000 had been spent, absent a renegotiation of the payable amount, MARVELL, in the person of Carey LeRoy [*sic*] represented during a phone conversation while the contract addendum was being negotiated that the above-quoted paragraphs already indicated that this was the case, and that the proposed language was therefore unnecessary. MARVELL further represented that it would pay for all of INTELLIGRAPHICS's work on a time and materials basis and negotiate accordingly when and if the total Development Fees on these two projects reached $250,000.

Joint Stmt. of Facts, ¶ 5. But under California law, parties to a contract are responsible for obtaining their own interpretation of contractual language, and may not rely on a representation of an opposing party. "No law requires that parties dealing at arm's length have a duty to explain to each other the terms of a written contract." *Rowland v. PaineWebber Inc.*, 4 Cal. App. 4th 279, 286 (Cal. Ct. App. 1992); *accord, e.g.*, *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 287 (9th Cir. 1988) (applying California law; "We know of no case holding that parties dealing at arm's length have a duty to explain to each other the terms of a written contract") (overruled on other grounds). Plaintiffs who argue that a defendant defrauded them by assuring

-8-

1  them regarding the effect of contractual language cannot prevail; "as a matter of law … plaintiffs

2  could not reasonably rely on that assurance, since the 'explicit language of the contract directly

3  contradicts the alleged misrepresentation.'" *Western Hospitals Federal Credit Union v. E.F.*

4  *Hutton & Co., Inc.*, 700 F. Supp. 1039, 1041 (N.D. Cal. 1988) (quoting *Cohen,* 841 F.2d at 286);

5  *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal. App. 3d 1324, 1332 (fraud claim failed

6  because it was not reasonable for plaintiff to accept defendant's statements as an adversary

7  without an independent inquiry or investigation).  Thus, even assuming that there were any

8  admissible evidence that Marvell had proffered the alleged interpretation, and even if

9  Intelligraphics had actually relied on that interpretation, Intelligraphics' reliance cannot, as a

10  matter of law, have been reasonable.

11      Because reasonable reliance is an essential element of a fraud claim under California law,

12  *see, e.g.*, *Hinesley*, 135 Cal. App. 4th at 294, Intelligraphics cannot prevail on its claim of fraud

13  in the inducement, and partial summary judgment should be entered accordingly.

14

15  **VI.    CONCLUSION.**

16      For the foregoing reasons, Marvell respectfully requests that the Court grant Marvell's

17  Motion for Partial Summary Judgment that it did not fraudulently induce Intelligraphics to enter

18  Amendment 3.

19

20  Dated: March 18, 2007                    MAYER BROWN LLP

21

22                                  By: */s/*_____

23                                      Michael A. Molano

24                                      Attorneys For Defendant and Counterclaimant
                                        MARVELL SEMICONDUCTOR, INC.

25

26  *Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), the filer hereby attests that*
    *the signatory's concurrence in the filing of this document has been obtained.*

27

28