SOMMERS & SCHWARTZ LLP
ANDREW H. SCHWARTZ (SBN 100210)
  ahs@sommersschwartz.com
FRANK F. SOMMERS, IV (SBN 109012)
  ffs@sommersschwartz.com
550 California Street
Sacramento Tower, Suite 700
San Francisco, California 94104
Telephone: (415) 955-0925
Facsimile:  (415) 955-0927

Attorneys for Plaintiff and Counterdefendant
INTELLIGRAPHICS, INC.

MAYER BROWN LLP
MICHAEL A. MOLANO (SBN 171057)
  mmolano@mayerbrown.com
JOSHUA M. MASUR (SBN 203510)
  jmasur@mayerbrown.com
J. JOANN LIAO (SBN 227329)
  jliao@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTELLIGRAPHICS, INC.,<br><br>*Plaintiff and Counterdefendant,*<br><br>v.<br><br>MARVELL SEMICONDUCTOR, INC.,<br><br>*Defendant and Counterclaimant.* | Case No. C-07-2499 JCS<br><br>**JOINT STATEMENT OF FACTS ON MARVELL SEMICONDUCTOR, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTELLIGRAPHICS' CLAIM THAT MARVELL FRAUDULENTLY INDUCED INTELLIGRAPHICS TO ENTER AMENDMENT 3**<br><br>Before: Hon. Joseph C. Spero<br>Date: May 2, 2008<br>Time: 9:30 a.m.<br>Courtroom A, 15th Floor |

The parties intend to meet and confer in good faith to supplement or amend this statement to create a single document setting forth the facts supporting the further papers on this Motion, for the convenience of the Court.

## I.   FACTS NOT IN DISPUTE.

Pursuant to Paragraph 8 of the standing Case Management Conference Order, the parties agree that the following facts are not in dispute:

1.  Plaintiff and Counterdefendant Intelligraphics, Inc. ("Intelligraphics") developed certain software for Defendant and Counterclaimant Marvell Semiconductor, Inc. ("Marvell") pursuant to a Software Development and Licensing Agreement ("SDLA"), which was entered into in July 2003, was subsequently amended by the parties and constitutes admissible evidence for the purpose of the subject motion. *See* First Amended Compl., ¶ 7. Exhibit A to Marvell's Answer and Countercomplaint is a true and correct copy of the 2003 SDLA.

2.  In 2006, the parties entered into Amendment 3 to the SDLA, under which Intelligraphics was to develop the "Vista WLAN Driver" and the "CCX v.4 Funk Supplicant," and which constitutes admissible evidence for the purpose of the subject motion. First Amended Compl., ¶¶ 13-14. Exhibit B to Marvell's Answer and Countercomplaint is a true and correct copy of Amendment 3 to the SDLA.

3.  Paragraph 8 of Amendment 3 provides:

> 8. PAYMENTS
>
> a.   Development Fee.  Intelligraphics will perform all services and develop all Milestone Deliverables, including the Custom Software, described herein on a time and materials basis at the rate of $135 U.S. Dollars per development man hour, subject to Section 8(b) below. At the end of each day, Intelligraphics engineers will report to Marvell all hours worked with a brief summary of the work completed for that day.
>
> b.   All services provided by Intelligraphics under this [Amendment 3] are subject to a cumulative cap of two-hundred and fifty thousand U.S. Dollars (the "Payment Cap").  Unless otherwise mutually agreed upon by the parties in writing, in no event shall the fees payable by MARVELL to Intelligraphics exceed the Payment Cap for all and any services rendered by Intelligraphics under [the] Statement[s] of Work....

Amended Compl., ¶¶ 14-15; Ex. B. to Answer & Countercl., ¶ 8.

4. Subsequent to execution of Amendment 3, the parties never signed any other amendment to the SDLA. *See, e.g.*, Answer to Countercl., ¶ 121.

## II. ADDITIONAL FACTS PLED BY INTELLIGRAPHICS.

Intelligraphics' Complaint alleges certain substantive facts that Marvell disputes. In light of the Court's obligation to "view the evidence and the inferences from that evidence in the light most favorable to the nonmoving party," *Erdmann v. Tranquility Inc.*, 155 F. Supp. 2d 1152, 1154 n.1 (characterizing *Yartzoff v. Thomas*, 809 F.2d 1371, 1373 (9th Cir. 1987)), the parties agree that ***for purposes of this Motion only***, the following allegations pled by Intelligraphics be treated as though actually proved:

5. As set forth in the First Amended Complaint at ¶ 16, Intelligraphics alleges:

> When INTELLIGRAPHICS suggested including in the payment provision of these Attachments a specific clause confirming that INTELLIGRAPHICS would stop work on these two projects – Hourly Vista WLAN Driver Development and Hourly CCX v.4 Funk Supplicant Development – when the $250,000 had been spent, absent a renegotiation of the payable amount, MARVELL, in the person of Carey LeRoy represented during a phone conversation while the contract addendum was being negotiated that the above-quoted paragraphs already indicated that this was the case, and that the proposed language was therefore unnecessary. MARVELL further represented that it would pay for all of INTELLIGRAPHICS's work on a time and materials basis and negotiate accordingly when and if the total Development Fees on these two projects reached $250,000.

6. As set forth in the First Amended Complaint, Intelligraphics alleges that Marvell made these putative representations "without any intention to effect such performance," and that Intelligraphics reasonably relied on these putative representations to enter into Amendment 3 and

1  any other agreements under which the software at issue was to be developed.  First Amended
2  Compl., ¶¶ 44, 46.

4  Dated: March 18, 2007                    SOMMERS & SCHWARTZ LLP

6                                           By: */s/*
7                                               Andrew H. Schwartz

8                                           Attorneys for Plaintiff and Counterdefendant
                                            INTELLIGRAPHICS, INC.

11 Dated: March 18, 2007                    MAYER BROWN LLP

13                                          By: */s/*
                                                Joshua M. Masur

14                                          Attorneys For Defendant and Counterclaimant
15                                          MARVELL SEMICONDUCTOR, INC.

*Filer's Attestation:  Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatories' concurrence in the filing of this document has been obtained.*