## Sommers & Schwartz, LLP
THE SACRAMENTO TOWER
550 CALIFORNIA STREET, SUITE 700
SAN FRANCISCO, CALIFORNIA 94104

Tel:  (415) 955-0925            www.SommersSchwartz.com       Fax (415) 955-0927

May 1, 2008

Hon. Joseph C. Spero
United States District Court
Courtroom A
15th Floor
450 Golden Gate Avenue

re: *Intelligraphics v Marvell* - C-07-2499 JCS
*Joint Submission re Resolution of Discovery Disputes*

Dear Judge Spero:

The parties, after receipt of your Honor's preliminary rulings detailed in Sections 6 and 7 below, have resolved the remaining items listed in our Joint Discovery submission as follows. The paragraph numbers track the headings starting on page 6 of our original Joint Submission.

**1. Pre-Amendment 3 Work (Initial project in 2003-4)**
IGX will examine the Legal department material produced on Monday, April 28, 2008, to determine whether they are sufficient to show the relevant negotiation history for the SDLA and Amendments 1 and 2 thereto. If IGX reasonably determines that those documents are insufficient to show the relevant negotiation history, Marvell agrees to determine whether the electronic files of Messrs. Das, Kuo and Chen are reviewable, and if so, to review and produce emails and attachments sufficient to show the relevant negotiation history, to the extent that such documents exist in those files.

**2. Sales, Planning and Marketing Documents**
Marvell produced approximately 1300 pages on April 28, 2008 containing the bulk of this material. It is currently converting the Apple Macintosh files of Mr. Householder, and will inform IGX as soon as possible but no later than next Wednesday, May 7, 2008, of the approximate size of those files and when it anticipates producing them. The parties have agreed that depositions will start two weeks after this production, assuming a production within the next two weeks. Marvell has agreed to attempt to produce the files by May 15th, but Marvell cannot confirm that such timing will be feasible until it has the opportunity to review the files.  Marvell has indicated that it

44046674.1

understands that a delay in production beyond May 15th may require alteration of the planned deposition schedule.

IGX will provide Marvell with its proposed order of depositions within five days to permit Marvell to organize its preparation. The parties will attempt to schedule the depositions in two- or three-deposition per week blocks to permit the most efficient integration of schedules, including the discovery cut-off, possible.

3.   **Evidence of use of the IGX-developed software**

The files produced by Marvell to date show work by Marvell on both the Advanced Roaming, CCX and Motorola projects after IGX stopped work in early to mid 2007. The documents stream ceases in September 2007. Marvell counsel have agreed to ask their client whether the work continued beyond September, as the documents produced suggest to IGX's counsel, and to produce them if any such are located. This production will occur by May 22, 2008.

This request also implicates the source code of post-IGX developed programs. The Court's ruling detailed in Section 6 below applies to these materials.

4.   **Vista Project Work Records**

Marvell has agreed to search for 'management documents," *i.e.* reports to, from or among management personnel, sufficient to show the progress of Marvell's work on the Vista programs identified in Amendment 3 that were to be turned over to IGX for its work on the Vista project. The evidence is sought to determine whether the degree of completion of the Vista project as of IGX's hiring can be determined without a review of the code itself. If such produced reports prove insufficient, in IGX's judgment, which shall be exercised reasonably, Marvell will produce Perforce log records to the same end. If the Perforce logs similarly prove insufficient to show the state of progress at the time IGX was hired, Marvell will export from Perforce and produce the copies of the source code that it permitted IGX's personnel to review in June 2006. Marvell will export from Perforce the versions of the source code listed in Amendment 3 as material to be delivered to IGX as existed at the time, and will produce such source code directly to counsel for IGX.

5.   **CCX and Roaming Work Records**

As noted in Section 3 above, Marvell has agreed to determine if evidence of the work on Roaming, CCX and Motorola exists beyond the September cutoff date that appears to have been used in the evidence collection process. Marvell will produce any documents located (other than software) by May 22, 2008. To the extent that such documents involve post- IGX termination developed software, it will be produced pursuant to the terms of the Court's order in Section 6 below.

**6.     Source Code for the Post-IGX Advanced Roaming Work – Court Ruling**

The Court has ordered that software that was developed after IGX was terminated can only be produced to an expert hired by IGX and approved by Marvell under the terms of the protective order. After vetting the expert proposed, Marvell has indicated that it is willing to consider allowing the expert to receive source code copies to work with outside the offices of counsel, again subject to the terms of the protective order. Otherwise, Marvell will make the copies available for the expert to load on a computer brought to the offices of counsel for Marvell to permit the expert to run analytical software and make such tests as he deems necessary.

**7.     SysKonnect Documents – Court Ruling**

The Court has ordered counsel for Marvell to make direct contact with SysKonnect and to take all reasonable steps to secure the documents in SysKonnect's possession that would be reachable under Hague Convention procedures without the need to resort to such procedures. If Marvell's counsel are unable to determine that they can secure the records from SysKonnect by May 15, 2008, they are to inform the Court, which will then determine whether to order briefing of a formal motion on IGX's contention that applicable law requires Marvell to produce the requested documents without the need to resort to Hague Convention procedures and time delays.

**8.     General Email Attachment Issues**

On the issue of emails that list attachments as to which the databases produced do not identify the exact attachment, the parties have agreed as follows:

a.     Marvell will inquire of the parties' common e-discovery vendor why all of its documents have 'attachment range' indicated, even if only by filling that field with the Bates range of the document itself, as opposed to being blank if no attachment exists.

b.     IGX has given Marvell three instances of attachment ranges that 'bracket' the email calling out the document by a hundred or more pages, which documents do not appear to be logically related.  Promptly upon receipt of the Excel spreadsheets containing IGX's instances, counsel for Marvell will examine its review copy of the data received from IKON to see if similar anomalies exist, and its own electronic files to see whether the attachment can be identified there. If it is possible to re-run the database creation program to establish valid relationships, or otherwise correct it electronically, IKON will be demanded to perform such work at no cost to the parties.

44046674.1

  c. Marvell believes that certain of Mr. Giordano's electronic mail messages do not include attachments because of a data loss that predated Marvell's document gathering. IGX has therefore agreed to identify all of Mr. Giordano's electronic mail messages that identify attachments that IGX seeks but cannot reliably identify, along with all available information that IGX can discern from the database of documents already produced concerning possible locations and custodians of those attachments, and Marvell has undertaken to determine whether the attachments in question already have been produced to IGX, and if they have not, whether they can feasibly be produced.

| SOMMERS & SCHWARTZ LLP | MAYER BROWN LLP |
|---|---|
| **/s/Frank F. Sommers** | **/s/ Michael A. Molano** |
| By: Frank F. Sommers | By: Michael A. Molano |

**Dated: May \_\_\_, 2008**
**SO ORDERED**

_____
Hon. Joseph Spero
US District Magistrate Judge

44046674.1