MAYER BROWN LLP
MICHAEL A. MOLANO (SBN 171057)
  mmolano@mayerbrown.com
JOSHUA M. MASUR (SBN 203510)
  jmasur@mayerbrown.com
J. JOANN LIAO (SBN 227329)
  jliao@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
Facsimile:  (650) 331-2060

Attorneys for Defendant and Counterclaimant
MARVELL SEMICONDUCTOR, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| INTELLIGRAPHICS, INC., <br><br> *Plaintiff and Counterdefendant,* <br><br> v. <br><br> MARVELL SEMICONDUCTOR, INC., <br><br> *Defendant and Counterclaimant.* | Case No. C-07-2499 JCS <br><br> **MARVELL SEMICONDUCTOR, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT ON INTELLIGRAPHICS' CLAIM THAT MARVELL FRAUDULENTLY INDUCED INTELLIGRAPHICS TO ENTER AMENDMENT 3** <br><br> Before: Hon. Joseph C. Spero <br> Date: July 25, 2008 <br> Time: 9:30 a.m. <br> Courtroom A, 15th Floor |

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1

II.  ARGUMENT ........................................................................................................................2

    A.  Because the Alleged Representations Directly Contradict the Language of the Contract, They Are Barred by the Parol Evidence Rule. ................................................ 2

    B.  Intelligraphics Cannot Delay Resolution of This Motion Pending Further Discovery. ........................................................................................................... 3

    C.  Intelligraphics Cannot Show Reasonable Reliance on Marvell's Alleged Interpretation of the Contract. ................................................................................. 4

III.  CONCLUSION.....................................................................................................................5

# TABLE OF AUTHORITIES

*Cases*

*Bank of Am. Nat'l. Trust & Sav. Assn'n v. Pendergrass*,
    48 P.2d 659 (Cal. 1935) ................................................................................................... 3

*Brae Transp., Inc. v. Coopers & Lybrand*,
    790 F.2d 1439 (9th Cir. 1986) .......................................................................................... 4

*Cohen v. Wedbush, Noble, Cooke, Inc.*,
    841 F.2d 282 (9th Cir. 1988) ............................................................................................ 5

*Family Home and Fin. Center, Inc. v. Federal Home Loan Mortg. Corp.*,
    ___ F.3d ____, No. 06-56521, 2008 WL 1959494 (9th Cir. May 7, 2008) ................. 3, 4

*Rowland v. PaineWebber Inc.*,
    4 Cal. App. 4th 279 (Cal. Ct. App. 1992) ......................................................................... 4

*Weinberg v. Whatcom County*,
    241 F.3d 746 (9th Cir. 2001) ............................................................................................ 4

*Rules*

Fed. R. Civ. P. 56(f) ................................................................................................................ 3, 4

## I. INTRODUCTION

Intelligraphics' opposition tries to manufacture ambiguity in the parties' Software Development and Licensing Agreement ("SDLA") to avoid its effects. But the SDLA simply is not susceptible to the reading Intelligraphics urges. Intelligraphics argues that the SDLA contemplated that "the parties could renegotiate the amount of the [$250,000 payment] cap if IGX could not complete the work under the cap," and that Intelligraphics had no obligation to complete performance unless Marvell agreed to make additional payments. Opp. at 4. But the SDLA's unambiguous definition of the "Custom Software" that Intelligraphics was obliged to develop and deliver requires "integrated, tested and *fully functional* software," and cannot be interpreted to permit incomplete performance. Am. 3, § 1 at 1. Nor does the payment cap language suggest that partial delivery might suffice; to the contrary, it unambiguously requires that "**in no event shall the fees payable** … **exceed the Payment Cap for *all and any services rendered by Intelligraphics*.**" Am. 3, Attachment 2, ¶ 8.b. Against these clear and express statements, there is no room for contradictory parol evidence of any alleged pre-contractual promise to pay "all Development Fees" or else allow Intelligraphics to stop work on the software.

Intelligraphics then attempts to distract the Court by arguing that the use of the phrase "reasonable reliance" in the Joint Statement of Facts somehow *legally* waived Marvell's right to argue that Intelligraphics' alleged reliance on Marvell's alleged representations was not reasonable as a matter of law. Intelligraphics ignores, however, that the Joint Statement of Facts is exactly that: a statement of the *facts* that, solely for purposes of resolving this motion, Marvell consents to have treated as though actually proven. But even accepting as true all of the *facts* in the Joint Statement of Facts, Intelligraphics cannot, as a matter of law, have reasonably relied on any alleged representation by Marvell.

## II.     ARGUMENT

### A.     Because the Alleged Representations Directly Contradict the Language of the Contract, They Are Barred by the Parol Evidence Rule.

Intelligraphics concedes that California courts "refus[e] to admit evidence of a promise or representation that was absolutely, directly, and unquestionably contradicted by the language of a fully integrated contract entered into thereafter."[1]  Opp. at 10.  It thus attempts to muddy Amendment 3's clear language by introducing a hodgepodge of irrelevant "facts."

Paragraph 8 of Amendment 3 speaks in absolute terms:  unless the parties execute a new writing stating otherwise, "*all* services provided by Intelligraphics under this [Amendment 3] are subject to a cumulative cap of two-hundred and fifty thousand U.S. Dollars" and "*in no event* shall the fees payable by Marvell to Intelligraphics exceed the Payment Cap for *all* and any services rendered by Intelligraphics under [the] Statement[s] of Work[.]"  Any alleged promise to pay over the Payment Cap for any services directly contradicts the language of Amendment 3.  Moreover, although Intelligraphics insinuates otherwise, the unambiguous language of the Payment Cap does not turn on whether the contract is one for fixed price or "time and materials."  Rather, the Payment Cap limits the fees for Intelligraphics' time and materials to $250,000 or less.

Similarly, the SDLA and Amendment 3 require "fully functional" software, in sharp contrast to an alleged promise to either "renegotiate" a new contract for more development fees or allow Intelligraphics to walk away from the unfinished project.  Under the terms of the parties' agreement, Intelligraphics was to develop and deliver "custom software."  Amendment 3, §§ 6-7; SDLA §§ 2.1, 3.1.  Custom software is defined in the agreement as "integrated, tested

---

[1] As Intelligraphics concedes, the parol evidence bar applies to fully integrated contracts.  The SDLA's integration clause is relevant here because its use in the contract "may well be conclusive on the issue of integration."  *Banco do Brasil, S.A. v. Latian, Inc.*, 285 Cal. Rptr. 870, 886 (Cal. Ct. App. 1991).  It is not the integration clause that Marvell contends bars Intelligraphics' fraudulent inducement claim – it is the parol evidence rule.  The integration clause is merely an element in determining that the parol evidence rule applies.  Thus, Intelligraphics' citation to *Greenspan Volkswagen, Inc. v. Ford Motor Land Dev. Corp.*, 32 Cal. App. 4th 985 (Cal. Ct. App. 1995) and similar cases is inapposite here.  The parol evidence rule applies to bar a fraudulent inducement claim where the alleged false promise contradicts a written, integrated agreement.  *See, e.g., West v. Henderson*, 278 Cal. Rptr. 570, 572-72 (Cal. Ct. App. 1991).

and *fully functional*." Amendment 3, § 1; SDLA § 1.3 (emphasis added). The contract's requirement that Intelligraphics develop and deliver "fully functional software" would be *directly contradicted* by an alleged promise that, absent payment of fees in excess of the contractual payment cap, Intelligraphics could stop work on the software before it was actually fully functional. The parol evidence rule bars any evidence of this contradictory oral promise. *Bank of Am. Nat'l. Trust & Sav. Assn'n v. Pendergrass*, 48 P.2d 659, 662 (Cal. 1935) ("Fraud may not be established by parol evidence to contradict the terms of the writing . . . to admit evidence of extrinsic agreements would be to open the door to all evils that the parol evidence rule was designed to prevent.").

Because the pre-contractual false promises allegedly made by Marvell directly contradict the language of the fully integrated SDLA and Amendment 3, evidence of those alleged promises is barred by the parol evidence rule. As a matter of law, Intelligraphics cannot prevail on its fraudulent inducement claim.

**B.    Intelligraphics Cannot Delay Resolution of This Motion Pending Further Discovery.**

Although the contract clearly contradicts the alleged false promises, Intelligraphics asks the Court to postpone the Court's resolution of Marvell's Motion for further discovery of (inadmissible) parol evidence to interpret the contract. Opp. at 10. Intelligraphics argues that depositions have not yet been taken and that "all otherwise parol evidence should be admitted before any contract interpretation of the 'Payments' clause by this Court." Opp. 10:17-24. Even if parol evidence were necessary to interpret Amendment 3, however, Intelligraphics has not met the requirements of Federal Rule of Civil Procedure 56(f) and should not be heard to complain that it requires time to gather more evidence to oppose Marvell's Motion.

Rule 56(f) permits the Court to defer resolution of a summary judgment motion pending further discovery, provided that the nonmovant "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f); *accord Family Home and Fin. Center, Inc. v. Federal Home Loan Mortg. Corp.*, ___ F.3d ____, No. 06-56521, 2008 WL 1959494, at *4 (9th Cir. May 7, 2008) ("Under Fed.R.Civ.P. 56(f), a trial court may

1  order a continuance on a motion for summary judgment if the party requesting a continuance
2  submits affidavits showing that, without Rule 56 assistance, it cannot present facts necessary to
3  justify its claims" (internal quotations omitted)).  But Intelligraphics has not submitted any
4  affidavits whatsoever, let alone affidavits sufficient to meet Rule 56(f)'s requirement to show
5  "specific reasons" why discovery is needed.  Under Ninth Circuit law, the result of that failure is
6  well-settled:  "Failure to comply with these requirements is a proper ground for denying
7  discovery and proceeding to summary judgment."  *Family Home,* 2008 WL 1959494, at *4 (9th
8  Cir. May 7, 2008); *accord, e.g.*, *Weinberg v. Whatcom County*, 241 F.3d 746, 751 (9th Cir. 2001)
9  (quoting *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986)) (same).
10 This motion is ripe for resolution, and Intelligraphics is not entitled to a continuance pending
11 discovery.

### C. Intelligraphics Cannot Show Reasonable Reliance on Marvell's Alleged Interpretation of the Contract.

14 In a disingenuous argument, Intelligraphics asserts that Marvell has waived its right to
15 argue that Intelligraphics did not reasonably rely on Marvell's alleged misstatement, pointing to
16 the section in the Joint Statement of Facts where Intelligraphics' allegations are set forth.  The
17 Joint Statement of Facts concedes, solely for purposes of resolving Marvell's motion for
18 summary judgment, the *facts* that Intelligraphics claims support a finding of reasonable reliance.
19 It does not concede any *legal conclusions* based on those facts, which are brought here for
20 resolution by the Court.  Even accepting as true all of the *facts* in the Joint Statement of Facts,
21 those purported facts could not show, as a matter of law, that any alleged reliance by
22 Intelligraphics was reasonable.
23 Intelligraphics belittles cases cited by Marvell, but it cites no cases of its own in support
24 of its claim that parties in an arm's-length negotiation are not generally responsible for obtaining
25 their own interpretations of contract language.  Both the California Court of Appeals and the
26 Ninth Circuit knew of "no law" and "no case" requiring "that parties dealing at arm's length
27 have a duty to explain to each other the terms of a written contract."  *Rowland v. PaineWebber*
28 *Inc.*, 4 Cal. App. 4th 279, 286 (Cal. Ct. App. 1992); *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841

F.2d 282, 287 (9th Cir. 1988) (applying California law). This general principle is unaffected by whether the "terms" to be explained are arbitration provisions or something else. Marvell was under no obligation to interpret the SDLA or Amendment 3 for Intelligraphics, and as a result, Intelligraphics could not reasonably have relied on Marvell's interpretation.

Because reasonable reliance is an essential element of a fraud claim under California law, Intelligraphics' claim for fraudulent inducement must fail.

## III.   CONCLUSION

For the foregoing reasons, and for those set forth in Marvell's opening brief, Marvell respectfully requests that the Court grant Marvell's Motion for Partial Summary Judgment that it did not fraudulently induce Intelligraphics to enter Amendment 3.

Dated: May 22, 2008                              MAYER BROWN LLP


                                                 By: */s/*
                                                     Michael A. Molano

                                                 Attorneys For Defendant and Counterclaimant
                                                 MARVELL SEMICONDUCTOR, INC.

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B), the filer hereby attests that the signatory's concurrence in the filing of this document has been obtained.*