MAYER·BROWN

Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrown.com

August 14, 2008

**Brandon Baum**
Direct Tel (650) 331-2080
Direct Fax (650) 331-4580
baum@mayerbrown.com

The Honorable Joseph C. Spero
United States District Court
Courtroom A
15th Floor
450 Golden Gate Avenue
San Francisco, CA  94104

Re:   *Intelligraphics  v. Marvell* -C-07-2499 JCS
      *Joint Submission regarding Discovery Dispute*

Dear Judge Spero:

The parties respectfully request your assistance in resolving the following two discovery disputes.

**1.   Deposition of Scott Lawson**

*Marvell's Position*:  Scott Lawson is the CEO of Plaintiff Intelligraphics, Inc. ("IGX") and signatory to both the original contract and the 2006 amendment that form the basis for IGX's breach of contract claim.  He is also the person who claims to have been duped into believing that the contractual "payment cap" was merely a milestone to begin renegotiation.  The Court permitted one deposition a side prior to a December 2007 mediation, so IGX took the deposition of Marvell's Bart Giordano on November 29, 2007, and Marvell took the deposition of Mr. Lawson on November 30, 2007.  On June 6, 2008 all counsel agreed to a comprehensive deposition schedule which, among other things, included a second day of depositions for both Mr. Giordano and Mr. Lawson.  Mr. Giordano was deposed for a second day on July 22, 2008.  Mr. Lawson's deposition was scheduled for August 12, 2008.  On August 5, 2008, two months after agreeing to the August 12 date and with only one week's notice, counsel for IGX unilaterally canceled Mr. Lawson's deposition "due to a work crush at IGX," without proposing an alternative date.  **Given that fact discovery closes in just thirteen days (August 27, 2008), we request the Court order IGX to provide a date for Mr. Lawson's deposition.**

Marvell did not request a third day of deposition for Mr. Lawson.  Rather, on July 17, Marvell proposed topics for a Rule 30(b)(6) deposition, and suggested August 13 as a possible date. [1]

---

[1] The entirety of the July 17 letter stated, "I write pursuant to Civil LR 30-1 to meet and confer on a date for deposition for Intelligraphics, Inc, pursuant to Rule 30(b)(6). I am attaching a draft of the matters for examination to assist you in identifying the appropriate person to testify on behalf of the company. We propose that the deposition take place on August 13, 2008, at our offices in Palo Alto. Please let me know whether this date is agreeable or else propose an alternate date."   (Letter from Baum to Sommers dated July 17, 2008 attached as Exhibit A.)

Mayer Brown LLP operates in combination with our associated English limited liability partnership
and Hong Kong partnership (and its associated entities in Asia).

The Honorable Joseph C. Spero
August 14, 2008
Page 2

Because Marvell did anticipate that Scott Lawson would be Rule 30(b)(6) IGX's designee as to *some* of the topics on which he has personal knowledge, out of courtesy to the witness (who resides in Texas) Marvell suggested that the Rule 30(b)(6) deposition take place on the day following Lawson's individual deposition. IGX is, of course, free to designate whomever it chooses as its corporate witness and some of the topics are likely not be within Mr. Lawson's personal knowledge, and therefore either another witness would be appropriate, or Mr. Lawson will have to become educated about the facts pursuant to the "duty to educate" embodied by Rule 30(b)(6).

*IGX's Position*:    The multi-layered nature of the parties' position statements have been caused by Marvell's counsel's choosing not simply to create a 'reply' section after it received IGX's first response to its initial draft, but to interpolate its 'reply' into its original statement above. As a result, I have had to 'layer' my own response. I add it as the separate section below because I think it makes the argument a little clearer.

**IGX 1**  Marvell is setting up a straw man by insinuating that IGX has refused to make Mr. Lawson available. IGX has asked Marvell to specify dates on which its counsel are free for the rescheduled deposition, which it has not done. The real issues arise from the 30(b)(6) deposition notice originally served by Marvell on July 17th. IGX objects to Marvell's use of "contention interrogatory" formats and overbroad categories, as well as Marvell's claim that it is entitled to a third seven hour day with Mr. Lawson, the putative designee for the majority of categories. Both of those issues are discussed further below.

The second day of Mr. Lawson's deposition was set for August 12, 2008. Approximately ten days before that date, counsel informed Marvell that it appeared that an extremely high volume of programming work would require the rescheduling of the deposition. (IGX is a small company, and Mr. Lawson is one of its lead programmers, as well as its CEO.) When it became clear that the deposition would have to be rescheduled, counsel informed Marvell. Due to the ongoing dispute about the scope of the 30(b)(6) categories and deposition length, and the consequent uncertainty about how much preparation of Mr. Lawson would be necessary, IGX proposed that the rescheduled deposition take place in September, after the close of other discovery. This would permit IGX to answer the contention interrogatories containing the identical contentions disputed in the 30(b)(6) designation, obviating the work-product objections, and still permit Marvell to examine Mr. Lawson about the underlying facts (as a 30(b)(6) witness) that it contends it cannot get from him during the individual deposition itself. Marvell rejected this offer in favor of the instant submission.

**IGX 2**  The entire proposal of using the contention interrogatory responses in Mr. Lawson's deposition was required by Marvell's refusal to redefine the categories requested to reasonable, factual areas that Mr. Lawson could in fact be prepared about. *See, e.g. State Farm v. New Horizon*, Inc. 2008 U.S. Dist. LEXIS 37571, upholding 30(b)(6) categories such as "(a) The reasons State Farm believes each or all bills are fraudulent" and "(c) The reasons State Farm believes that treatment was not prescribed by a doctor." *Id* at *3. Since Marvell still chose to ask

The Honorable Joseph C. Spero
August 14, 2008
Page 3

questions that called for counsel to first filter facts then try to teach Mr. Lawson counsel's contentions, it was impossible to prepare him. Given that his first day's deposition had not occurred, counsel still believes that the 30(b)(6) notice, coupled as it was with Marvell's assumption that Mr. Lawson would be the deponent, was only an attempt to extract a third day from him.

### 2. Rule 30(b)(6) Deposition of IGX

*Marvell's Position*: A Rule 30(b)(6) deposition of IGX was part of the June 6, 2008, comprehensive deposition schedule, although no specific date was set at that time because the topics for the deposition had not yet been finalized. On July 17, 2008, Marvell provided an initial list of Rule 30(b)(6) topics to opposing counsel. Thereafter, the parties met and conferred on the scope of the topics several times, and Marvell significantly narrowed the list of topics in an effort to address concerns raised by IGX regarding specificity. Notwithstanding these revisions, IGX is unwilling to produce a Rule 30(b)(6) witness. A copy of both the initial July 17, 2008, correspondence and the final deposition notice with the revised topics are attached hereto as Exhibits A and B. **We therefore request that the Court order IGX to comply with the Rule 30(b)(6) notice.**

With respect to the seven hour rule, we submit that the better line of authority states that the corporation is a separate witness under Rule 30(b)(6) subject to an independent seven hours of deposition. See *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544 at *2 (S.D.N.Y.)("depositions of an individual who is noticed as an individual witness pursuant to Fed.R.Civ.P. 30(b)(1) and who is also produced as a corporate representative pursuant to Fed.R.Civ.P. 30(b)(6) are presumptively subject to independent seven-hour time limits."); *Provide Commerce, Inc. v. Preferred Commerce, Inc.,* 2008 U.S. Dist. LEXIS 9563, 2008 WL 360588 (S.D. Fla. 2008) ("Mr. Ferraro has only testified as an individual and not on behalf of the corporation. At this point, the corporation has yet to testify. As such, Plaintiff is entitled to the Rule 30(b)(6) discovery.") The Advisory Committee note to Rule 30(d)(2) (located at 192 F.R.D. 340, 395 (2000)) states "[f]or purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered a separate deposition." Were the rule otherwise, a corporation could skirt Rule 30(b)(6) entirely by simply retroactively designating someone as its Rule 30(b)(6) designee who was previously deposed.

In the case cited by IGX, *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 73135, 2-3, 2006 WL 2734289 (N.D. Cal. Sept. 25, 2006), Judge Illston actually ordered the witness to testify a total of *three times*, once for seven hours in his individual capacity and *twice* as the Rule 30(b)(6) designee of each of two separate but interlocking corporations. See also *Sabre v. First Dominion Capital, LLC*, 2002 WL 31556379 at *1, 2 (S.D.N.Y. Nov. 15, 2002) (observing that the fact that a witness has previously "testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject").

The Honorable Joseph C. Spero
August 14, 2008
Page 4

With respect to whether contention interrogatories are a superior method of discovering information than a Rule 30(b)(6) deposition, IGX relies principally on the ruling of Magistrate Judge Brazil in *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*, 134 F.R.D. 275 (N.D. Cal. 1991). But Magistrate Judge Brazil's opinion offers faint praise for contention interrogatories, stating:

> We also feel constrained to acknowledge that in many settings and cases contention interrogatories yield precious little useful information, in part because the lawyers who craft the responses seem to assume that it is their professional responsibility to be as stingy and self-serving in the answers they write as a strained view of the English language and the proper bounds of legal ethics permit. That apparent fact of litigation life makes us pause, to say the least, before ruling, even in the limited circumstances of this case, that the most appropriate vehicle for disclosing the kind of information and argument at issue here is a sensibly crafted set of contention interrogatories.

134 F.R.D. at 287. Magistrate Judge Brazil concluded by recommending that McCormick-Morgan be ordered "as a condition to the granting of the protective order it seeks (prohibiting the use of 30(b)(6) depositions the purposes of setting forth the bases of MMI's contentions), to respond in full, forthcoming detail to the interrogatories that Teledyne will serve as a result of this order." (*Id.*) The recommendation to the trial judge was that "he refuse to permit MMI to introduce at trial, in the form of evidence or argument, any matter not set forth in the answers to the ... contention interrogatories." (*Id.*)

**IGX's Position**: On July 17th Marvell served a 30(b)(6) notice <u>and requested that Mr. Lawson extend his then-scheduled August 12 deposition for a third day</u>, through the 13th. (Both parties had agreed that the original day of each of Mr. Lawson's and Mr. Giordano's depositions, taken before the original December mediation, would not count against the seven hour limit per witness.)

*Legal Contentions and work Product Issue*: The notice contained several categories containing the formulation "all facts that you contend support your X cause of action." At the same time, Marvell served a series of contention interrogatories containing the identical language. IGX objected that the 30(b)(6) notice was improper, as it required the disclosure of work product, as well as requiring Mr. Lawson or other designees to memorize large volumes of legal contentions.

After discussions, Marvell provided an amended notice, that it felt eliminated the work product problem. Now the disputed designations read: "all facts that support your X cause of action." IGX demurred that merely deleting the term 'contention' did not eliminate the problem- counsel would still have to filter the material and try to teach a witness not merely the facts, but the underlying contentions of *why* the facts in fact supported the given cause of action.

The Honorable Joseph C. Spero
August 14, 2008
Page 5

IGX pointed out that controlling Ninth Circuit and other cases held that it was improper to attempt to require a 30(b)(6) witness to testify to such contentions, where contention interrogatories could properly be used to secure the same material. Courts have found contention interrogatories – such as those promulgated by Marvell and served on IGX last month -- to provide a fairer method of discovery (1) where 30(b)(6) depositions would require a witness to memorize evidence of others to assure disclosure of all evidence which support a claim or defense and (2) where a lay person would be asked to deal with complex attorney work product issues – such as the privileged nature of counsel's judgments here as to what facts support various claims and defenses. *McCormick-Morgan, Inc. v. Teledyne Indus*., 134 F.R.D. 275 (N. D. Cal. 1991) *rev. on other grounds*, 765 F. Supp 611 (N.D. Ca. 1999).

This position had wide support in other District Court cases dealing with discovery in intellectual property cases *See e.g. Smith Beecham Corp. v. Apotex Corp.*, 2004 U.S. Dist. LEXIS 8990 (E.D. Pa., 2004); *In Re Convergent Technologies Securities Litigation*, 108 F.R.D. 328 (N.D. Ca. 1985); *Exxon Research and Engineering Co. v. U.S.*, 44 Fed. Cl. 597, 1999 U.S. Claims LEXIS, 210 (Ct. Claims 1999); *In re Independent Service Organizations Antitrust Litigation*, 168 F.R.D. 651 (D. Kan. 1996); *United States v. District Council of New York City*, 1992 U.S. LEXIS 12307 (S.D.N.Y. 1992); *EEOC v. HBE Corp*., 157 F.R.D. 465 (E.D. Mo. 1994); *Uniram Technology, Inc. v. Monolithic System Technology*, 2007 U.S. Dist. LEXIS 24869 (N. D. Cal. 2007).

For this reason, IGX proposed that <u>Mr. Lawson's deposition be taken after IGX created the voluminous lists of facts that the companion interrogatories already served required.</u> Due to the existing deposition schedule, IGX informed Marvell that it would not be able to provide the answers until the last week in August, militating for Mr. Lawson's deposition to be taken after the discovery cut-off, which IGX offered to extend solely as regards Mr. Lawson' deposition.

*30(b)(6) and the Seven Hour Rule Issue*:  IGX has also objected that Marvell's request for a third day of Mr. Lawson's deposition as a 30(b)(6) designee is improper, in that the federal seven hour limit applies to create a single seven-hour span for both the individual's appearance as a designee and his being named as a deponent personally. *San Francisco Bay Area Rapid Transit Dist. v. Spencer*, 2006 U.S. Dist. LEXIS 73135, 2-3 (N.D. Cal. Sept. 25, 2006) In that case Judge Illston rejected a claim that a 30(b)(6) deposition added another seven hour period:

> Under Rule 30(d)(2), all depositions have a durational limit of one seven-hour day, unless otherwise ordered by the court or stipulated by the [*3] parties. Fed. R. Civ. P. 30(d)(2). *Deponents are entitled to the presumption that their testimony will be limited to seven-hours even if they are testifying both individually and as corporate designee under Rule 30(b)(6)*. Schwarzer, supra § 11:1517.1.(*citing* Judge William W. Schwarzer, Judge A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial § 11:1517.1 (Rutter Group Practice Guide 2006). (emphasis supplied.)

This logic is particularly true where, as here, Mr. Lawson is the most senior officer of the corporation, whose testimony will bind the corporation even in his individual capacity. In this

The Honorable Joseph C. Spero
August 14, 2008
Page 6

situation the idea that another deposition is needed to 'bind' the corporation is not intellectually defensible. Rather, Marvell merely is trying to "double dip" to secure twice the time to which it is entitled.

**IGX 2**  IGX is not unwilling to produce a 30(b)(6) witness, and in fact designated Mr. Schiefer as its witness on several of the technical topics. His deposition took place after the negotiations had occurred, and counsel for Marvell refused to ask any 30(b)(6) questions, but stopped with approximately two hours left under the seven-hour limit, stating that he would reserve that time till the Court's ruling could be secured.

IGX has cited a broad swath of cases that find contention interrogatories are to be preferred to permitting contention designations as 30(b)(6) categories. Their underlying rationale is that it is unfair to expect a lay witness to have to memorize broad swaths of legal formulations, or the myriad of contentions that a corporation must make in complex litigation, on pain of losing its right to present them at trial if the witness draws a blank. Despite his ruminations about potential problems with contention interrogatories, Magistrate Brazil in fact ordered their use in lieu of allowing contentions in the designation in question.

In addition, the categories offered by Marvell – "all facts that support your first cause of action," for example, lacks the "painstaking specificity" required in 30(b)(6) designations. *McBride v Medicalodges, Inc.* U.S. Dist. LEXIS 30212, *7 . Since Marvell has chosen not to provide valid, factual designations, IGX's proposal that the witness be deposed based on the factual contention that will be contained in the responses to Marvell's interrogatories, served at the same time as the original notice and containing the identical terms.

SOMMERS & SCHWARTZ LLP                          MAYER BROWN LLP

\_\_\_\_/s/_____                          \_\_\_\_/s/_____
By: Frank F. Sommers                                          By: Brandon Baum

MAYER·BROWN

Mayer Brown LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112

Main Tel (650) 331-2000
Main Fax (650) 331-2060
www.mayerbrown.com

**Brandon Baum**
Direct Tel (650) 331-2080
Direct Fax (650) 331-4540
baum@mayerbrown.com

July 17, 2008

**BY ELECTRONIC MAIL**

Frank F. Sommers
Sommers & Schwartz LLP
550 California Street
Sacramento Tower Suite 700
San Francisco, CA 94104

Re:   Intelligraphics v. Marvell:
      Rule 30(b)(6) Deposition

Dear Frank:

I write pursuant to Civil LR 30-1 to meet and confer on a date for deposition for Intelligraphics, Inc, pursuant to Rule 30(b)(6). I am attaching a draft of the matters for examination to assist you in identifying the appropriate person to testify on behalf of the company. We propose that the deposition take place on August 13, 2008, at our offices in Palo Alto. Please let me know whether this date is agreeable or else propose an alternate date.

Very truly yours,

Brandon Baum

Attachment.

Mayer Brown LLP operates in combination with our associated English limited liability partnership and Hong Kong partnership (and its associated entities in Asia).

Exhibit A

Frank F. Sommers
July 15, 2008
Page 2

## Matters for Examination

1. All facts and evidence that Intelligraphics, Inc. (hereinafter "Intelligraphics") contends support its first cause of action (for breach of contract) as alleged in the First Amended Complaint, including the scope and meaning of any contractual provision that Intelligraphics contends has been breached.

2. All facts and evidence that Intelligraphics contends support its second cause of action (for breach of implied contract) as alleged in the First Amended Complaint, including the creation of, scope and meaning of any implied contractual term.

3. All facts and evidence that Intelligraphics contends support its third cause of action (for fraud in the inducement) as alleged in the First Amended Complaint, including all statements that Intelligraphics contends were fraudulent.

4. All facts and evidence that Intelligraphics contends support its fourth cause of action (for fraud) as alleged in the First Amended Complaint.

5. All facts and evidence that Intelligraphics contends support its fifth cause of action (for declaratory relief – equitable estoppel) as alleged in the First Amended Complaint.

6. All facts and evidence that Intelligraphics contends support its sixth cause of action (for copyright infringement) as alleged in the First Amended Complaint, including but not limited to each individual act of alleged infringement for which compensation is sought.

7. All facts and evidence that Intelligraphics contends support its seventh cause of action (for quantum meruit) as alleged in the First Amended Complaint.

8. All facts and evidence concerning Marvell's April 3, 2007 Statement of Errors and Intelligraphics' response (if any) thereto.

9. All facts and evidence that Intelligraphics' contends support its denials contained in paragraphs 83, 84, 85, 88, 89, 90, 92, 95 and 97 of Intelligraphics' Answer to First Amended Counterclaim.

10. All facts and evidence that Intelligraphics contends underlie and support each claim for damages, including the amount and type of such damages for each separate cause of action.

11. The identity of, and the specific contribution of, each and every person who authored any portion of the works identified in paragraph 30 of the First Amended Complaint.

12. The search for, preservation of, collection and/or destruction of, and production of documents responsive to Marvell's document requests and/or interrogatories, notwithstanding whether those documents have been identified and/or produced by Intelligraphics.

13. With respect to the documents that are responsive to Marvell's document requests and/or interrogatories, the availability of electronic documents and data, handwritten documents and data, and the storage and retrieval capabilities for such documents and data.

1  MAYER BROWN LLP
   MICHAEL A. MOLANO (SBN 171057)
2       *mmolano@mayerbrown.com*
   BRANDON BAUM (SBN 121318)
3       *baum@mayerbrown.com*
   Two Palo Alto Square, Suite 300
4  3000 El Camino Real
   Palo Alto, California 94306-2112
5  Telephone: (650) 331-2000
   Facsimile:  (650) 331-2060
6
   Attorneys for Defendant and Counterclaimant
7  MARVELL SEMICONDUCTOR, INC.

8
                   UNITED STATES DISTRICT COURT
9
              NORTHERN DISTRICT – SAN FRANCISCO DIVISION
10

11 | INTELLIGRAPHICS, INC.,              | Case No. C-07-2499 JCS
12 |         *Plaintiff and*             | **MARVELL SEMICONDUCTOR, INC.'S
   |         *Counterdefendant,*         | NOTICE OF DEPOSITION OF
13 |                                     | INTELLIGRAPHICS, INC.**
   |    v.                               |
14 |                                     | [Fed. R. Civ. P. 30(b)(6)]
   | MARVELL SEMICONDUCTOR, INC.,        |
15 |                                     |
   |         *Defendant and*             |
16 |         *Counterclaimant.*          |

17

18

19

20

21

22

23

24

25

26

27

28

MARVELL'S NOTICE OF DEPOSITION OF INTELLIGRAPHICS, INC.
CASE NO. C-07-2499 JCS

Exhibit B

1  **TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

2  PLEASE TAKE NOTE THAT pursuant to Federal Rule of Civil Procedure 30(b)(6),
3  Defendant Marvell Semiconductor, Inc. ("Marvell") will take the deposition of Intelligraphics,
4  Inc. on the matters set forth on Attachment A. The deposition shall commence at 9:00 a.m. on
5  Wednesday August 13, 2008 at Mayer Brown LLP, Two Palo Alto Square, Suite 300, Palo Alto,
6  California 94306, or at such other time and place as can be agreed upon by the parties, and shall
7  continue from day to day thereafter until completed, Sundays and holidays excepted.

8  Pursuant to Rules 30(b)(2), (4) and (6), the deposition will be taken before a notary
9  public or other officer authorized to administer oaths, and will be recorded by videotape,
10 audiotape and stenographic recording. Defendants reserve the right to use the videotape at trial
11 or any other proceedings in this or any related litigation. The deposition also may be recorded
12 through means that provide instant display ("real time") of the testimony.

13
14
15 Dated: July 31, 2008                                    MAYER BROWN LLP
16
17                                                        By: /s/ Brandon Baum
18                                                           Brandon Baum
19                                                        Attorneys For Defendant and Counterclaimant
                                                          MARVELL SEMICONDUCTOR, INC.

# ATTACHMENT A

# DEFINITIONS

A. The term "Intelligraphics" as used herein, means Intelligraphics, Inc., any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives.

B. The term "Marvell" as used herein, means Marvell Semiconductor, Inc., any and all predecessors and successors thereof, and any entities acting or purporting to act for or on behalf of, or who are subject to the direction or control of, any of the foregoing entities, including agents, employees, officers, directors, attorneys, consultants, contractors, subcontractors and representatives

C. The term "First Amended Complaint" as used herein, means Intelligraphics' First Amended Complaint filed June 19, 2007.

D. The term "SDLA" as used herein, means the agreement referred to in Intelligraphics' First Amended Complaint at paragraph 7 as the ""SOFTWARE DEVELOPMENT AND LICENSE AGREEMENT" ("the SDLA") in July 2003."

E. The term "Amendment 3" as used herein, means the amendment referred to in Intelligraphics' First Amended Complaint at paragraph 14 as "Amendment 3 to the SDLA along with Attachments 1 & 2 thereto, which became Exhibits L and M to the SDLA."

F. The term "Works-in-suit" as used herein, means the works referred to in Intelligraphics' First Amended Complaint at paragraph 30 as "Motorola Project VRTX Ported 802.11 Driver code [...] Certificate Number TXu1-346-073, dated March 21, 2007 [and] the Advanced Roaming Software, registered under Certificate TXu1-347-641 dated March 16, 2007."

G. The singular of any noun used herein should be understood to include the plural and vice versa. The use of a verb in any tense shall be construed as the use of the verb in all

1 | other tenses.

2 | H. The terms "and" and "or" as used herein, shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the deposition topics all topics that might otherwise be construed to be outside of its scope.

I. The term "including" as used herein, shall mean including without limitation.

J. The term "person(s)" as used herein, shall mean any natural person, corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, and any agent of the foregoing.

## MATTERS FOR EXAMINATION[1]

1. Intelligraphics' first cause of action (for breach of contract) of the First Amended Complaint, specifically the scope and meaning of any contractual provision that Intelligraphics alleges has been breached, the action(s) constituting the breach, and any resulting damages

2. Intelligraphics' second cause of action (for breach of implied contract) of the First Amended Complaint, specifically the creation of, scope and meaning of any implied contractual term, the action(s) constituting the breach, and any resulting damages

3. Intelligraphics' third cause of action (for fraud in the inducement) of the First Amended Complaint, specifically all statements that Intelligraphics alleges were fraudulent, all evidence of intent to defraud, all acts of justifiable reliance thereon, and any resulting damages

4. Intelligraphics' fourth cause of action (for fraud) of the First Amended Complaint, specifically all misrepresentations by Marvell, Marvell's knowledge of the falsity, Marvell's intent to deceive, Intelligraphics' justifiable reliance, and any resulting damages

5. Intelligraphics' fifth cause of action (for declaratory relief – equitable estoppel) of the First Amended Complaint, specifically the facts that Marvell was apprised of, Marvell's intent that its conduct shall be acted upon, Intelligraphics' ignorance of the true state of facts; and Intelligraphics' reliance upon Marvell's conduct to its injury.

---

[1] These matters are framed by the allegations contained in Intelligraphics' First Amended Complaint, which Marvell Semiconductor, Inc. ("Marvell") vigorously disputes. By setting forth these matters as topics here, Marvell in no way concedes or acknowledges the existence of such facts or evidence, but rather it seeks the procedural vehicle of Rule 30(b)(6) to inquire as to Intelligraphics' bases for making the allegations.

6. Intelligraphics' sixth cause of action (for copyright infringement) of the First Amended Complaint, specifically the creation of the Works-in-suit, any work(s) from which the Works-in-suit were extracted or copied, and each individual act of copyright infringement for which compensation is sought.

7. Intelligraphics' seventh cause of action (for quantum meruit) of the First Amended Complaint, specifically the direct benefit Marvell received from the rendered services.

8. Marvell's April 3, 2007 Statement of Errors and Intelligraphics' evaluation and response (if any) thereto.

9. Intelligraphics' denials contained in paragraphs 83, 84, 85, 88, 89, 90, 92, 95 and 97 of Intelligraphics' Answer to First Amended Counterclaim filed August 23, 2007.

10. Each of Intelligraphics' claims for damages, including the amount and type of such damages for each separate cause of action.

11. The identity of, and the specific contribution of, each and every person who authored any portion of the Works-in-suit or any work referenced in the Works-in-suit.

12. The search for, preservation of, collection and/or destruction of, and production of documents responsive to Marvell's document requests and/or interrogatories, notwithstanding whether those documents have been identified and/or produced by Intelligraphics.

13. With respect to the documents that are responsive to Marvell's document requests and/or interrogatories, the availability of electronic documents and data, handwritten documents and data, and the storage and retrieval capabilities for such documents and data.

//
//
//
//
//
//
//
//

**PROOF OF SERVICE**

I am employed in Santa Clara County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Mayer Brown LLP, Two Palo Alto Square, Suite 300, 3000 El Camino Real, Palo Alto, California 94306-2112. On July 31, 2008, I served the document described and captioned as:

**MARVELL SEMICONDUCTOR, INC.'S
NOTICE OF DEPOSITION OF INTELLIGRAPHICS, INC.**

on Plaintiff Intelligraphics, Inc. by transmitting a true copy in Adobe Portable Document (PDF) format by electronic mail, pursuant to agreement of the parties, to the following recipients:

> Frank Sommers <ffs@SommersSchwartz.com>
> SOMMERS & SCHWARTZ LLP
> 550 California Street
> Sacramento Tower, Suite 700
> San Francisco, CA 94104
> Telephone: (415) 955-0925
> Facsimile: (415) 955-0927

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 31, 2008

Brandon Baum